STATE ex rel. WOLFE, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 3,936.)

(Submitted October 4, 1916.   Decided October 5, 1916.)

[160 Pac. 346.]

*Mandamus — Criminal Law — Witnesses — Subpoenas—County
Attorney—Power to Issue.*

> 1.   Since subdivision 3 of section 9486, Revised Codes, lodges the power
> in the county attorney to issue subpoenas for the attendance of witnesses
> in criminal cases, and the writ does not lie where another adequate
> remedy exists, *mandamus* will not issue at his instance to compel a dis-
> trict judge to make an order authorizing the clerk of the court to do
> what relator himself may do.
>
> [As to the duties the performance of which may be compelled by
> *mandamus*, see note in 125 **Am. St. Rep.** 492.]

Original application by the State at the relation of H. L.
Wolfe, Jr., as county attorney of Phillips County, Montana, for
writ of mandate directed to the District Court of said county,
and Honorable Frank N. Utter, judge thereof.   Proceedings
dismissed.

*Messrs. Norris & Hurd,* for Relator.

*Messrs. Slattery & Kline,* for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

On the twenty-third day of September, 1916, there was pend-
ing and set down to be tried on October 12, 1916, in the district
court of Phillips county, the case of the *State of Montana* v.
*Walter A. James.*   James stands charged with the crime of
murder, and the relator herein, as county attorney of Phillips
county, applied to the court for an order authorizing the clerk
to issue subpoenas for the attendance of certain witnesses in
excess of six, deemed by the county attorney to be necessary
for the proper prosecution of the cause.   The respondent judge
allowed the application in part and denied it in part; where-

upon the relator petitioned this court for a peremptory writ commanding said judge to make the order desired.

It is needless to inquire into the reasons for the refusal, be-[1] cause the relator is not entitled to the relief sought. Section 9486, Revised Codes, provides: ''The process by which the attendance of a witness before a court or magistrate is required is a subpoena. It may be signed and issued by * * * 3. The county attorney, for witnesses in the state, in support of an indictment or information, to appear before the court in which it is to be tried. 4. The clerk of the court in which an indictment or information is to be tried''; *etc.* It is perfectly obvious that this statute reposes in the county attorney a power which is subject to no restraint, save his own responsibility under the sanction of his official oath, and subpoenas issued by him pursuant to this statute are *in pari materia* with those issued by the clerk. The witnesses whose attendance is thus required have the *status* of other witnesses; they may be called, and the right of the state to have them testify is to be determined by the rules that apply to other witnesses; they are subject to contempt for not appearing, and their absence has the same effect in an application for continuance as though they had been subpoenaed by the clerk.

*Mandamus* does not lie where other adequate remedy exists, and since the respondent's refusal may be corrected by appropriate action on the part of the relator himself, the writ here sought must be denied and the proceedings dismissed. It is so ordered.

Mr. Justice Holloway concurs.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.