## 18011

The STATE, Respondent, v. John Alvin BISHOP, Appellant.

(128 S. E. (2d) 914)

*C. Kennon Robertson, Esq.,* of Spartanburg, *for Appellant,*

· *Messrs. John H. Nolen, Solicitor,* and *Claude A. Taylor, Jr., Assistant Solicitor,* of Spartanburg, *for Respondent,*

December 31, 1962.

Bussey, Justice.

Appellant was convicted of forgery and served notice of intent to appeal. He moved before the Presiding Judge for an order to require the court stenographer to furnish him a free transcript of the record of the trial, said motion being supported by an affidavit of the appellant setting forth certain facts with respect to his financial circumstances and alleging his inability to pay for the transcript. The matter was heard before the Resident Judge of the Seventh Circuit who denied the motion. We quote the following pertinent language from his order.

"After reviewing the record and hearing argument of counsel, I conclude that this defendant is employed, and though he may not have an abundance of finances, I conclude that he would elect to spend what money he does have for things other than the transcript of record."

According to the agreed statement of the case, "the sole question presented is whether or not the defendant is entitled to a copy of the transcript on his furnishing an affidavit that he has no means to pay for same and listing his assets or lack of them and his employment conditions."

Section 15-1903 of the 1952 Code of Laws of South Carolina provides that court stenographers shall receive, in ad-

dition to their salaries, certain fees for all transcripts furnished litigants, to be paid by the parties litigant, "except in criminal cases when the defendant satisfies the court that he is unable to pay for such transcript when the same shall be furnished without fee by the court stenographer."

We have not heretofore had occasion to construe the foregoing statutory provision. The appellant cites a number of cases from other jurisdictions which are of no help because they are based on completely different statutory provisions. The appellant argues that once he has filed an affidavit alleging his indigence, he has made out a *prima facie* case and that the burden of proof then shifts to the State to prove that the appellant is able to pay for such transcript.

While statutes on the subject vary greatly in their provisions, under most statutes authorizing appeal in *forma pauperis* the applicant has the burden of establishing his indigency so as to qualify for the relief in question. 4 Am. Jur. (2d) 828, Appeal and Error, Sec. 350.

We think that our statute in clear and plain language places the burden of proof upon the defendant-appellant and makes the judge before whom the motion is heard the sole judge of the factual issue. This being the case, this court is bound by the findings of fact of the circuit judge unless his findings are without sufficient evidentiary support.

Here the affidavit of the appellant showed that he was not possessed of any property or funds of consequence, and that he was far from being in affluent financial circumstances. He showed, however, that he was regularly employed, but failed to show what his earning capacity was or even what the approximate cost of the transcript would be.

Under these circumstances and our view as to the proper construction of the statute involved, we see no error on the part of the lower court in denying the motion.

Affirmed.

Moss, Lewis and Brailsford, JJ., concur.

Taylor, C. J., did not participate.