**UNITED STATES of America**

v.

**George T. COOR, Defendant.**

**Crim. No. 351–62.**

United States District Court
District of Columbia.

Jan. 28, 1963.

YOUNGDAHL, District Judge.

Defendant George T. Coor has petitioned this Court for an authorization to proceed on appeal without prepayment of costs, for the preparation of all the transcript of his four-day trial at the expense of the United States, and for the appointment of counsel to represent him on appeal.

**956**

Defendant Coor's affidavit in support of his petition does not indicate a lack of financial resources serious enough to justify the granting by this Court of the defendant's requests. The face of his affidavit states that he is now released on bond, that he is regularly employed at a restaurant, and that he owns his own home jointly with his wife, subject to mortgages. In addition, the records of this case indicate that the defendant was represented by retained counsel at his trial and is presently represented by retained counsel. Furthermore, the presentence report prepared by the Probation Office states that the defendant, as of December 26, 1962, was earning $95.00 per week gross income at the restaurant at which he is still employed. Finally, the affidavit does not estimate the cost of the transcript, thus making it impossible for the Court to balance costs against resources and thereby reach a reasoned conclusion.

■■ It is true, of course, that 28 U.S.C. § 1915 cannot be construed to require "that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute," because to construe the statute in such a way "would throw its beneficiaries into the category of public charges." Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339–340, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948). Nevertheless, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." Jefferson v. United States, 277 F.2d 723, 725 (9th Cir., 1960).

■ The affidavit of defendant Coor is not particular, definite or certain enough for this Court to grant it as presented, because the Court is unable to tell whether the defendant's actual financial position requires the public to absorb the cost of all, part, or none of the expenses required for an appeal.

The petition will therefore be denied.