194 A.2d 669 (1963)
Bernice R. PAYNE and Robert L. Payne, Appellants,
v.
SAFEWAY STORES, INC., Appellee.
No. 3317.
District of Columbia Court of Appeals.
Argued September 30, 1963.
Decided November 4, 1963.
*670 Daniel T. Franklin, Washington, D. C., with whom Howard Vogel, Washington, D. C., was on the brief, for appellants.
Francis C. O'Brien, Washington, D. C., with whom William T. Clague, Washington, D. C., was on the brief, for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
QUINN, Associate Judge.
This was a suit for injuries sustained while Mrs. Payne was a customer in one of appellee's stores. She claimed that while her groceries were being totaled at the check-out counter, appellee's clerk knocked a ketchup bottle onto the floor causing flying glass to cut her leg. The jury returned a verdict for appellee and this appeal followed. The two principal errors assigned are the denial of appellants' motion to reopen the case to permit their doctor to testify and the inclusion of a missing witness charge in the court's instructions.
We have previously ruled that the question of whether a case will be reopened for additional evidence after both sides have rested lies within the sound discretion of the trial court. Edgar v. Thayer, D.C.Mun.App., 155 A.2d 251, 253 (1959). We have carefully examined the record and find no abuse of discretion.
The missing witness instruction given by the trial court was as follows:
"If a party has it peculiarly within his power to produce witnesses or other evidence which was relevant to any material issue, the failure of such party to produce such witnesses or evidence creates a presumption that if produced it would be unfavorable to that party, unless such failure has been explained to your satisfaction." (Emphasis supplied.)
The record discloses that the trial court, after denying appellants' motion to reopen the case, admonished counsel not to explain during closing argument the reason for the doctor's absence on the day of trial. Under the circumstances we feel it was improper to deny appellants the opportunity to explain the doctor's absence and at the same time to give the above charge. Nevertheless, we feel such error was harmless as the doctor was a material witness on the question of damages and not on the question of liability. The record indicates conflicting versions were given of how the accident occurred, and the jury having resolved this conflict in appellee's favor, never reached the question of appellants' damages.
Affirmed.