George COOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17637.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 3, 1963.

Decided Dec. 12, 1963.

See also D.C., 213 F.Supp. 955.

4. 68 Stat. 1139 (1954), 19 U.S.C. § 1301a (1958).

Mr. James R. Scullen, Washington, D. C., for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. B. Michael Rauh, Asst. U. S., Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was indicted on two counts of bribery, D. C. Code, § 22–704, tried before a jury, found guilty and duly sentenced. This appeal followed, appellant claiming error by the trial court in admitting into evidence, over objection, certain incriminating statements of appellant. The relevant facts are as follows:

With probable cause for the arrest, appellant was taken to Police Headquarters at about 1:00 A.M., January 26, 1962, and was questioned by metropolitan police until "fairly late in the morning" before being taken to a magistrate. According to the testimony of Deputy Chief Layton, appellant made certain oral incriminating statements, which appellant testified without contradiction were made sometime between one o'clock and eight or nine o'clock of the same morning.[1]

After the voir dire examination but before the jury was sworn, when counsel for appellant suggested at the bench that a *Mallory*[2] question might be involved, the court ruled that if there was to be any "motion" under the *Mallory* rule it must be disposed of prior to the trial, and he would not interrupt the trial to consider the question. Counsel for appellant protested, arguing that no rule had been published that a *Mallory* question be determined in advance of trial. The Government argued that appellant had made "no real statement at all but hedged back and forth" and that, in any event, the statements were made within an hour after arrest and were admissible as threshold statements. In response to this, appellant's counsel stated that he did not "know otherwise," apparently meaning that, if the only statements to be offered in evidence were threshold statements, the *Mallory* rule would not be involved.

During the course of the trial, over appellant's objection on the basis of *Mallory,* Deputy Chief Layton testified regarding appellant's oral statements. In his testimony, Layton stated that appellant had vacillated repeatedly in his position, saying on the one hand that it would appear to be better for him to admit the offense and ask leniency from the United States Attorney or the court, but on the other hand that if he did he would not leave himself any opening for his defense.

It will be seen from the above outline of the situation that counsel for appellant did not know, prior to introduction of the statements, whether the Government would introduce incriminating statements subject to exclusion under *Mallory* or, if so, what statements would be offered.

We think a hearing was required to determine the admissibility of the incriminating statements admitted in

1. A written statement, or confession, seems to have been obtained around two-thirty or three o'clock; however, it was not introduced in evidence and is therefore not a factor here.

2. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

evidence through the testimony of Deputy Chief Layton. We are further of the opinion that any lack of a specific request for a *Mallory* hearing at the time the statements were offered in evidence did not eliminate the need for such a hearing out of the presence of the jury.

The case will be remanded to the District Court in order that a hearing on the admissibility of appellant's oral statements may be had. If the court finds that the statements are admissible, the original judgment should be reinstated. If, however, the court determines that under *Mallory* the statements are inadmissible, a new trial should be ordered.[3]

In view of our disposition of this case, we do not reach the question whether the trial judge had authority to require a *Mallory* question to be disposed of as a pretrial motion before the motions judge. We note, however, that at the time of the trial there was neither a statutory rule nor a rule of court specifically authorizing such a procedure, and whether or not such a rule now exists is not material to a decision of this case.

Remanded for further proceedings.

3. While appellant also urges that the evidence indicated, if anything, violation of D.C.Code, § 22–2305 (blackmail) and not D.C.Code, § 22–704 (bribery), the violation with which he was charged, we are of the opinion that the bribery statute is sufficiently broad to encompass the circumstances of this case.