**Joseph R. TAYLOR, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 3363–3365.

District of Columbia Court of Appeals.

Argued Dec. 9, 1963.

Decided Feb. 18, 1964.

John A. Castagna, Washington, D. C., for appellant.

John R. Hess, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was convicted in the District of Columbia Court of General Sessions on July 2, 1963, of "reckless driving," [1] "leaving after colliding," [2] and "operation of motor vehicle after revocation of permit." [3]

The chief contention on this appeal is that the Act of Congress of October 23, 1962, Public Law 87–873, 87th Congress, effective sixty days thereafter, which changed the name of the Municipal Court for the District of Columbia to the District of Columbia Court of General Sessions and increased its civil jurisdiction, was never validly enacted; and that the Act of July 8, 1963, Public Law 88–60, 88th Congress, which substantially re-enacted the Act of October 23, 1962, and was made effective as of January 1, 1963, was not enacted until after his convictions. From these two premises appellant argues that he was charged, tried and convicted in a nonexistent court and the convictions were necessarily void.

Without going into the history of the two acts in question, we think it is sufficient to say that neither act created a new court and neither act affected the jurisdiction of the existing court with respect to the charges of which appellant was convicted. In short, appellant was convicted in a court of competent jurisdiction.

We have considered other claims of error with respect to the trial, and the record discloses that they are without merit.

Affirmed.

1. Code 1961, 40–605(b).

2. Code 1961, 40–609(a).

3. Code 1961, 40–302(d).