**John E. BLAIR, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**John E. BLAIR, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 3398, 3399.

District of Columbia Court of Appeals.

Argued March 9, 1964.

Decided April 30, 1964.

As Modified on Denial of Rehearing
May 14, 1964.

James J. Laughlin, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee in No. 3398.

B. Michael Rauh, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Paul A. Renne,

Asst. U. S. Attys., were on the brief, for appellee in No. 3399.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

These are appeals from convictions for negligent homicide [1] and operating a motor vehicle at an unreasonable speed.[2] We deal first with the threshold question of whether appellant was entitled to a stenographic transcript of the trial proceedings at government expense. Appellant contends this is a question which seriously affects the administration of justice in the District of Columbia.

The record reveals that after filing a timely notice of appeal appellant moved in this court for a stenographic transcript at government expense.[3] In support of the motion he filed an affidavit stating he had no bank account, stocks, bonds, securities or other assets. He alleged seasonal employment as a plumber with earnings ranging from $25 to $85 per week. He listed his expenses as follows:

"Rental of apartment $75.00 per month
Food                 30.00 per week
Clothing             45.00 per month
Laundry              15.00 per month
Payment on car       43.02 per month"

In conclusion he alleged a net of approximately $10 per week, and stated that while he could pay the docket fees and incidental expenses connected with the appeal, he could not afford a stenographic transcript.[4] We denied appellant's motion on the ground there was an insufficient showing of indigence to warrant the relief sought.

Thereafter appellant filed an amended motion requesting the same relief and setting forth in greater detail the financial terms relative to his purchase of an automobile. His counsel also filed an affidavit which stated he had received a fee from appellant of not more than $150. After due consideration we denied the amended motion. Appellant then filed a petition for allowance of an appeal to the United States Court of Appeals for the District of Columbia Circuit. In response thereto that court issued the following order:

"On consideration of petitioner's petition for allowance of an appeal from the District of Columbia Court of Appeals, entered on April 29, 1963, of petitioner's brief in support thereof, of respondent's brief in opposition thereto, and on consideration of the record herein, and petitioner having asserted that the court erred in denying the petitioner a stenographic transcript of the proceedings at trial 'at the expense of the United States' and it appearing that the District of Columbia Court of Appeals entered said order 'for the reason there is no sufficient showing of indigence to warrant the relief sought' and it not having been made to appear that the order of said court was clearly erroneous or lacking adequate support in the record, and it further appearing that said order is not a 'final order' or that the appellant may not yet prevail in his appeal pending in said court, it is

"ORDERED by the court that the aforesaid petition is hereby denied. * * *"

Subsequently, an agreed statement of proceedings and evidence was filed and the case calendared for oral argument. In the

---

1.  Code 1961, § 40–606. Negligent homicide is a misdemeanor in the District of Columbia.

2.  Part I, Article VI, Traffic and Motor Vehicle Regulations for the District of Columbia, § 22(b).

3.  A similar motion was made and denied in the trial court.

4.  Since the trial did not exceed three days, the cost of the transcript would presumably have been less than $200. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 426 n. 1, 11 L.Ed.2d 331 (1964).

interim appellant submitted no additional evidence to show why our previous ruling was "clearly erroneous or lacking adequate support in the record." Nevertheless, in his brief he renewed his contention, based on Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), that we must grant a transcript at government expense.

■ Assuming, without deciding, that this court has the power under 28 U.S.C.A. § 1915 to order a transcript, a matter about which we entertain serious doubt,[5] we affirm our holding that upon the record before us appellant has not made a sufficient showing of indigence to warrant the relief sought. While indigence " 'must be·conceived as a relative concept,' "[6] and "one must [not] be absolutely destitute to enjoy the benefit of the statute,"[7] we feel there is an insufficient showing of indigence under the circumstances here presented. Appellant is gainfully employed, has no immediate dependents, and enjoys a modest standard of living. He is the owner of an automobile for which he paid $100 in cash, and has sufficient income to budget $45 per month for clothing. He has paid retained counsel approximately $150, has posted security for an appeal bond, and has stated he can afford to pay all the costs incidental to his appeal except the cost of a stenographic transcript. Considering all these factors we feel that appellant is able to bear the minimal cost of the stenographic transcript in the case at bar. See United States v. Stone, 298 F.2d 441 (4th Cir.1962), cert. denied 370 U.S. 927, 82 S. Ct. 1568, 8 L.Ed.2d 506; United States v. Pellegrini, 201 F.Supp. 65 (D.Mass.1962);

State v. Bishop, 241 S.C. 459, 128 S.E.2d 914 (1962). Compare United States v. Coor, 213 F.Supp. 955 (D.D.C.1963). Therefore we adhere to our previous ruling.

Substantively, appellant has assigned four errors for our consideration. He claims that (1) his constitutional right to compulsory process was denied; (2) the trial court abused its discretion in refusing to reopen the case; (3) the verdict was contrary to the evidence; and (4) the trial court improperly limited the scope of cross-examination.

The facts necessary to an understanding of the first contention are as follows. At the start of trial appellant's counsel informed the court that a material witness, a lady allegedly present at the scene of the accident, would not appear voluntarily. He requested a subpoena which was prepared and signed by the court. It denominated the witness's place of residence as Arlington, Virginia. Appellant's counsel then presented the subpoena to the United States marshal for service. At the close of the government's case, the court informed counsel that the marshal was without authority to execute the subpoena in the State of Virginia and that the court was unable to produce the witness. Counsel asked that the subpoena be preserved for the record but the court stated it had inadvertently been thrown away.

At the time of trial, February 27, 1963, Public Law No. 873, 87th Cong., 2d Sess., 76 Stat. 1171 (October 23, 1962), D.C.Code 1961, § 11–982 (Supp. III 1964), was in ef-

---

5. Appellant neither briefed nor argued the question of whether this court or the District of Columbia Court of General Sessions is a "court of the United States" within the meaning of 28 U.S.C.A. § 1915, see 28 U.S.C.A. § 451 and Burke v. United States, D.C.Mun.App., 103 A.2d 347, 349–350 (1954), or whether appellant had a constitutional right to a stenographic transcript, compare Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L. Ed.2d 331 (1964); Draper v. Washing-

ton, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 2d 899 (1963); Griffin v. Illinois, 351 U. S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Rules of the District of Columbia Court of Appeals (1958).

6. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 431 n. 7, 11 L.Ed.2d 331 (1964) (concurring opinion).

7. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948)

fect. This law provided in part that the trial court's subpoena power would extend to "within one hundred miles of the place of the hearing or trial specified in the subpoena." It also provided that "[t]he form, issuance and manner of service of a subpoena shall be as prescribed by Rule 45 of the Federal Rules of Civil Procedure." The government has not challenged the validity of these provisions,[8] and it is admitted that Arlington, Virginia is well within the subpoena limits. Rule 45(a) of the Federal Rules of Civil Procedure provides:

"Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified. The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service."

Rule 45(c) provides in part:

"A subpoena *may* be served by the marshal, by his deputy, *or by any other person who is not a party and is not less than 18 years of age.* \* \* \*" (Emphasis supplied.)

■ The agreed statement of proceedings and evidence gives no indication that appellant made any effort on his own to secure the attendance of his alleged recalcitrant witness. Yet the rules clearly gave appellant the right to prepare [9] and serve [10] another subpoena. Thus appellant had the power to compel the attendance of the missing witness,[11] and in our view his failure to act precludes the claim that he was denied compulsory process. Compare State ex rel. Wolfe v. District Court, 52 Mont. 556, 160 P. 346 (1916).

■ Appellant's second contention is that the trial court abused its discretion in refusing to reopen the case to permit further cross-examination of one of the government witnesses. He argues that such examination would have elicited testimony tending to show the decedent was drunk at the time of the collision. After appellant's demand the trial court noted that counsel had excused the witness and could subpoena him. Counsel for the government agreed to bring back the witness if requested to do so. Nevertheless, no such request was made and appellant's counsel, at the close of the trial, specifically stated he did not wish a continuance to obtain the witness. Whether a case will be reopened for additional evidence after both sides have rested lies within the sound discretion of the trial court. Payne v. Safeway Stores, Inc., D.C.App., 194 A.2d 669 (1963). In view of appellant's negative response to the government and trial court's suggestions, we find no abuse of discretion.

We have carefully considered the remaining contentions and find them without merit.

Affirmed.

---

8. Compare Taylor v District of Columbia, D.C.App., 197 A.2d 442 (1964). See also, S.Rep. No. 297, 88th Cong., 1st Sess. 1-3 (1963).

9. Fed.R.Civ.P. 45(a).

10. Fed.R.Civ.P. 45(c).

11. Appellant had experienced counsel in the trial court, who also represented him on appeal.