George T. COOB, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18493.

United States Court of Appeals District of Columbia Circuit.

Argued June 19, 1964.

Decided Oct. 1, 1964.

Petition for Rehearing en Banc Denied Feb. 5, 1965.

See also 213 F.Supp. 955.

Mr. James R. Scullen, Washington, D. C., for appellant.

Mr. Anthony A. Lapham, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

PER CURIAM:

Appellant, a police officer, was indicted on two counts of bribery, D.C. CODE § 22–704, and, after trial, was convicted and duly sentenced. He appealed and claimed, among other things, error by the trial court in admitting into evi-

dence certain incriminating statements allegedly made by appellant. On December 12, 1963, we remanded the case to the District Court, directing that a hearing be held for the sole purpose of determining the admissibility of the statements under the *Mallory* rule [Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479]. Coor v. United States, 117 U.S.App.D.C. 87, 325 F.2d 1014 (1963). We ruled that if the statements were found to be admissible under *Mallory*, the original judgment was to be reinstated; if not, a new trial was to be ordered. Pursuant to our direction, a hearing was held by the District Court, which found that the statements were admissible under *Mallory*, and the original judgment was reinstated.

At the hearing on remand, the only testimony offered was that of Deputy Chief Layton of the Metropolitan Police Department, and that of appellant himself. The testimony was contradictory, but was resolved by the trial court in favor of the Government.

█ The Government's testimony was to the effect that appellant was arrested at 12:45 A.M. on January 26, 1962, and taken to Police Headquarters, arriving there shortly after 1:00 A.M. Deputy Chief Layton testified that the oral statements were made about 1:35 A.M., whereas appellant testified that they were made sometime between 3:35 and 5:00 A.M., probably around 4:30 A.M. The trial court specifically found that the testimony of Deputy Chief Layton to the effect that the admissions were made about 1:35 A.M. was correct. Accepting the finding of the trial court as to the time interval, as we must, the statements were clearly admissible. The delay between the arrest of appellant and the making of the statements was not unnecessary under the circumstances of this case, and nothing which occurred subsequent to the time the statements were made has any bearing on the *Mallory* issue.[1] The time between his arrest and his arrival at Police Headquarters was only fifteen or twenty minutes; and the short time between his arrival at headquarters and the making of the statement was taken up by the opportunity given appellant to verify his story and by the confrontation of appellant with the evidence against him.

█ At the hearing on remand, counsel for appellant attempted, for the first time, to raise a question as to the voluntariness of appellant's incriminating statements. The trial court correctly decided that whether or not the statements were in fact voluntary was irrelevant to the *Mallory* issue,[2] and was therefore outside the proper scope of the hearing. Further, the issue of voluntariness is not properly before this court. No objection to the admissibility of the statements on the basis of involuntariness was raised at the trial, and nothing in the record even suggests that they were not voluntary.

Accordingly, on this ground, no error, plain or otherwise, affecting substantial rights was made in admitting the statements; so we have no occasion to consider invoking Rule 52(b), FED.R.CRIM. P.

Affirmed.

FAHY, Circuit Judge (dissenting):

Appellant was arrested on probable cause at approximately 12:40 o'clock a. m. His claim of an alibi was then checked by taking him to the house of the complaining witness who was involved in the claim. After this appellant was taken to the police station along with a co-arrestee. Notwithstanding the time consumed in checking the alibi,

1. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); Bailey v. United States, 117 U.S.App.D.C. 241, 328 F.2d 542 (1964).

2. Upshaw v. United States, 335 U.S. 410, 413, 69 S.Ct. 170, 93 L.Ed. 100 (1948); United States v. Mitchell, *supra*, at 68; Ginoza v. United States, 279 F.2d 616, 622 (9th Cir. 1960); Porter v. United States, 103 U.S.App.D.C. 385, 388, 258 F.2d 685, 688 (1958).

after the arrest, the officers testified they arrived with appellant at the police station at about one or 1:10 o'clock a. m. Appellant should then have been booked and taken before a committing magistrate, in accordance with Rule 5(a), Fed. R.Crim.P. If not, the intervening time was not to be utilized in secret interrogation by the officers leading to self-incriminating statements to be used at his trial. The fact is appellant was not booked until 9:55 a. m., shortly after which he was taken before a magistrate.

Although evidence of the Government was to the effect that appellant made the oral admissions used at his trial within a short time after being taken to the police station, the Government's own evidence also shows that he was subjected during the remaining hours of the night to lengthy questioning and that the incriminating statements, at whatever time they were made, were elicited as a result of secret interrogation by the police after he was taken to the station, placed in a separate room there, questioned in detail, confronted with tape recordings used to implicate him, and after his efforts to exonerate himself from criminal complicity were explicitly rejected and countered by the interrogating officer as inconsistent with information in the latter's possession. Thus appellant was not taken before a committing magistrate "as quickly as possible" in accordance with Rule 5(a) as construed in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356 (1957), but was "taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements," a process condemned in *Mallory, supra* at 454, 77 S.Ct. at 1359 and which renders the resulting statements inadmissible. And see Spriggs v. United States, 118 U.S.App.D.C. 248, 335 F.2d 283 (1964).

Accordingly, I would reverse and remand for a new trial in which the challenged statements would be excluded as inadmissible because inconsistent with the *Mallory* rule.