Joseph H. BLISS

v.

**Henry SHORE, Regional Director of Region Six of the National Labor Relations Board and United Brotherhood of Carpenters and Joiners of America, Carpenters' District Council of Western Pennsylvania, AFL–CIO.**

Civ. A. No. 68–3.

United States District Court
W. D. Pennsylvania.
Feb. 6, 1968.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff Bliss.

Edward A. Grupp and Samuel S. Blaufeld, Pittsburgh, Pa., for N.L.R.B.

## OPINION

DUMBAULD, District Judge.

In a long and none too coherent complaint of 113 paragraphs, plaintiff, an employer, sought, in addition to an injunction (denied by this Court after hearing on January 15, 1968), a declaratory judgment, a mandamus, and disclosure of documents by the National Labor Relations Board (hereinafter sometimes called NLRB).

The injunction would have enjoined a hearing before a trial examiner of a number of charges against plaintiff alleging unfair labor practices. It appeared to the Court that these charges were of the routine staple variety normally heard by the Board in the exercise of its jurisdiction and that there was no cause for an injunction. Myers v. Bethlehem Shipbuilding Corp., 303 U. S. 41, 51–52, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

Thinking that perhaps postponement of the NLRB hearing constituted the gravamen of plaintiff's interest, and that the other issues were merely makeweight, we inquired at the hearing whether plaintiff wished to persist in prosecuting those issues. The answer was in the affirmative. Therefore we now dispose of them.

■ As to mandamus, which is an extraordinary remedy, it suffices to say that no sufficient ground has been shown to justify such relief. Plaintiff wishes an order disclosing the evidence *contra* as well as *pro* on the issue whether a complaint should have been issued by the General Counsel against plaintiff. We believe that this decision is a discretionary one, and that it would be no more proper to review the evidence leading to the issuance of a complaint than it would to review the evidence before a Grand Jury leading to an indictment. Such a charge is not final or binding upon anyone, and merely initiates a procedure in which plaintiff will have ample opportunity to obtain a fair hearing and due process.

With respect to other documents disclosure of which is desired, it seems clear that under the Board's rules and regulations (Sec. 102.118) a practice as broad as the Jenckes act rules is in effect and will afford plaintiff adequate protection in the course of the hearing.

■ As to the claim for a declaratory judgment, this is also a special type of relief, and however freely it should be granted under proper circumstances as a procedural reform, it should not be used to supplant or supersede the time-honored doctrine recognizing the primary jurisdiction of an administrative agency, or requiring adherence to the precise statutory scheme or pattern for obtaining judicial review. Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 441–442, 448, 27 S.Ct.

**648**

350, 51 L.Ed. 553 (1907); Foti v. Immigration & Naturalization Svce., 375 U.S. 217, 225, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). In NLRB cases, Congress has confided judicial review of agency determinations to the respective Courts of Appeals, not to the District Courts.

Consequently the action must be dismissed.