**UNITED STATES of America ex rel.
James ROBERTS**

v.

**COMMONWEALTH OF PENN-
SYLVANIA**
and
**Edward J. Hendrick, Supt.**

Civ. A. No. 69–2787.

United States District Court,
E. D. Pennsylvania.

Dec. 12, 1969.

James Roberts, in pro. per.

MEMORANDUM

BODY, District Judge.

Plaintiff brings this action for a declaratory judgment under 28 U.S.C. §§

2201, 2202. Presently before the Court for consideration is plaintiff's motion for leave to proceed in forma pauperis.

On November 25, 1967 the plaintiff was arrested and later indicted for murder, voluntary manslaughter and involuntary manslaughter.[1] He was tried in the Quarter Sessions Court of Philadelphia County, Pennsylvania, in September of 1968 and was convicted of second degree murder. Thereafter plaintiff filed his own post-trial motions for arrest of judgment, new trial and change of his court-appointed counsel.

On June 6, 1969, when plaintiff was called before the state court for sentencing, he again pressed his motion for change of counsel. The sentencing judge refused to grant the motion and ruled that plaintiff must present it to the judge initially appointing his counsel. The sentencing proceeding was thereupon continued.

On June 10, 1969, plaintiff received a letter and memorandum stating that on June 5, 1969 his motion for new trial had been denied.

Plaintiff's affidavit in support of his motion to proceed in forma pauperis reads as follows:

"Let it be known in this Honorable Court that plaintiff desires to submit this foregoing motion in forma pauperis according to the provisions defined in Title 28, U.S.C.A. Sec. 1915, that said be allowed to proceed without fees required by law in veiw [sic] of his indigency."

The affidavit is legally insufficient for a number of reasons. First, it fails to state the facts concerning the affiant's poverty with any degree of particularity, definiteness or certainty. See United States v. Coor, 213 F.Supp. 955, 956 (D. D.C.1963), rev'd on other grounds, 117 U.S.App.D.C. 87, 325 F.2d 1014 (1963); Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960). Second, it does not comply with the requirements of 28 U. S.C. § 1915(a) concerning the content of such an affidavit. It was the purpose of Congress in imposing these requirements not only to insure the availability of the federal judicial system to indigent persons, but also to guard against abuse of the in forma pauperis procedure by subjecting those who falsely represent their eligibility to the threat of a perjury prosecution. These purposes are not served by such an affidavit as plaintiff has here presented, and accordingly the Court holds that the affidavit is insufficient to entitle the plaintiff to proceed in forma pauperis.

As an additional ground for its denial of plaintiff's present motion, the Court finds that plaintiff's claim is frivolous within the meaning of 28 U.S. C. § 1915(d). It is well settled that a declaratory judgment action cannot be used as a substitute for the prosecution of an appeal or a motion for new trial in the trial court. Clark v. Memolo, 85 U. S.App.D.C. 65, 174 F.2d 978 (1949); United States ex rel. Bennett v. Illinois, 356 F.2d 878 (7th Cir. 1966); Bliss v. Shore, 279 F.Supp. 646 (W.D.Pa.1968). This is especially true in a situation where an attempt is made to substitute the federal declaratory judgment action for the normal pattern of review in a state court. In such a situation, comity between federal and state judicial systems is severely jeopardized.

Plaintiff seeks just such a goal in the present action. It is clear from his "Motion and Petition for Declaration of Rights" that what is sought is a federal declaration of plaintiff's constitutional rights regarding argument of his state post-trial motions. Such a declaration may not be given him, and his claim is therefore frivolous. Accordingly, the motion for leave to proceed in forma pauperis will be denied. Noble v. Wilkinson, 289 F.Supp. 773 (W.D.Mo.1968).

---

1. Bills of Indictment Nos. 5, 6, 7, February Sessions 1968.