**Richard A. ZAUN and Lois Jean Zaun, Plaintiffs-Appellants,**

**v.**

**James DOBBIN et al., Defendants-Appellees.**

No. 78–2355.

United States Court of Appeals, Seventh Circuit.

Submitted June 4, 1980.

Decided July 22, 1980.

Richard A. Zaun and Lois Jean Zaun, pro se.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, Richard A. Zaun and his wife Lois Jean Zaun brought this *Bivens*-type action,[1] alleging that the defendants, James Dobbin, T. Byron, Anton R. Valukas, James Fanning, and the United States Government conspired to deprive them of their federal civil rights. Plaintiffs, who are proceeding pro se, paid the $15 filing fee upon commencing this action in the district court. Claiming, however, to be indigent and therefore unable to pay subsequent court costs plaintiffs filed a petition in which they requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This statute which affords an indigent person access to the federal courts states in part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a).

Included in plaintiffs' petition requesting leave to proceed in forma pauperis were two self-styled affidavits, one drawn for each party, which stated in their entirety:

Because of my poverty, I am unable to pay the cost of said action or give security therefor and to provide myself with the necessities of life.

Plaintiffs sought through these sworn statements to satisfy the affidavit of indigency requirements of § 1915. Apparently aware that the lower court prescribed form financial affidavits to be filed with petitions requesting leave to proceed under § 1915, plaintiffs filed a motion in which they requested the district judge rule on their petition to proceed in forma pauperis on the basis of their self-drawn affidavits. The judge denied plaintiffs' motion and ordered them to fill out the standardized financial affidavit forms prescribed by Rule 11 of the General Rules of the Northern District of Illinois.[2] Refusing to comply with this ruling, plaintiffs attempted to gain review of the order by appealing the ruling to this court. We declined jurisdiction, holding that review could not be had over the trial judge's order until plaintiffs had made an unequivocal election to stand on their affidavits as filed in the lower court. *Zaun v. Dobbin*, No. 78–8083 (7th Cir. June 15, 1978). Returning to the district court, plaintiffs made the aforementioned election which resulted in their ac-

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 456 F.2d 133 (2d Cir. 1972).

2. The Executive Committee of the District Court for the Northern District of Illinois via Rule 11 adopted the use of a standardized financial affidavit form which is to be utilized by all persons seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The form requires the affiant to set forth with certainty and particularity information relating to his marital status, residence, employment and income, property owned, cash on hand, and outstanding obligations.

tion being dismissed by the trial court for failure to comply with Local Rule 11. It is from that order that plaintiffs now appeal.

■ Plaintiffs argue on appeal that their self-styled financial affidavits comported with the statutory language of § 1915 and therefore it was an abuse of discretion for the district judge to dismiss their action for failure to file form affidavits as prescribed by Local Rule 11. In effect, plaintiffs contend that a simple, unsupported statement alleging indigency is sufficient for purposes of proceeding under § 1915. They cite the following language from *Adkins v. E. I. DuPont DeNemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948), as support for their contention:

> [O]n a motion in federal court for leave to appeal in forma pauperis, an affidavit is sufficient which states that an affiant cannot, because of his poverty, "pay or give security for cost . . . and still be able to provide" himself and dependents with the necessities of life.

Plaintiffs' reliance on this language in support of their position that a terse, unparticularized oath of indigency satisfies the affidavit of poverty required by § 1915 is misplaced. Although it is indisputable that the court employed the above language in its holding, the language was utilized merely for the purpose of underscoring the court's formal holding that a person need not be absolutely destitute in order to enjoy the benefit of § 1915. *Id.*

In *Adkins*, P. V. Adkins brought an action in Oklahoma district court on behalf of himself and twelve other employees of the defendant in which he sought to recover overtime compensation, damages and attorney's fees pursuant to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219, and Executive Order # 9240. During the course of litigation Adkins died and his wife, having been named administratrix of his estate, was substituted as plaintiff. The action was subsequently dismissed on its merits and Mrs. Adkins filed a timely motion in district court requesting leave to appeal the matter in forma pauper-

is to the United States Court of Appeals for the Tenth Circuit. Filed with the motion was a petition to proceed in forma pauperis which contained a supporting financial affidavit. Adkins stated in the affidavit that she was a widow 74 years of age; the estimated cost of her record on appeal was $4,000; all that she owned was a house inherited from her husband which had been appraised at a value of $3,450; her only source of income was rent from parts of her home; without such income she would not be able to purchase the necessities of life.

After a series of rulings on the matter the district and appellate courts refused to grant Adkins leave to appeal in forma pauperis pursuant to § 1915. From the record of proceedings it was gleaned that the lower courts denied plaintiff leave to proceed under § 1915 for the following reasons: 1) all of the other claimants to the suit had not filed affidavits alleging indigency, 2) plaintiff's lawyer and his law firm failed to make a contribution toward plaintiff's costs on appeal, and 3) plaintiff had not, though the courts were unsure whether she was obligated under § 1915, mortgaged her home in order to raise money toward the cost of her appeal. In reversing the judgment of the court of appeals, the Supreme Court in regard to the affidavit requirements of § 1915 ruled that: 1) a party to a suit who seeks leave to appeal in forma pauperis should not be denied the privilege merely because all other claimants to the suit would neither give security for costs nor sign affidavits of poverty, and 2) a federal court should not use the affidavit of indigency requirement of § 1915 as a tool to force a party to prove that he is absolutely destitute before allowing that person to proceed in forma pauperis.

■ Contrary to the plaintiffs' contention here, the *Adkins* decision does not, per se, prohibit a federal court from requiring particularized information with regard to the financial status of a party seeking leave to proceed under § 1915. *See Adkins, supra* at 339–340, 69 S.Ct. at 89; *United States ex rel. Roberts v. Pennsylvania*, 312 F.Supp. 1, 2 (E.D.Pa.1969); *United States v. Coor*, 213

F.Supp. 955, 956 (D.D.C.1963), *rev'd on other grounds*, 117 U.S.App.D.C. 87, 325 F.2d 1014 (1963); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). The plaintiff in *Adkins* had revealed to the appellate court essentially the same information regarding her financial status as is requested from plaintiffs in the case at bar by Local Rule 11. The lower court in *Adkins* erroneously concluded that the affidavit of poverty prerequisite of § 1915 required that a party desiring to proceed in forma pauperis must be able to show by sworn affidavit that he had contributed virtually his last dollar to the cost of litigating his suit. Plaintiffs here did not argue before nor can they make the claim now that compliance with the district court's affidavit requirements prescribed in Local Rule 11 results in their having to prove that they were absolutely destitute before being allowed to proceed under § 1915. Absent such a claim we do not find that the particularity and certainty requirements of the district court's form affidavit violate the precepts of *Adkins*.

■ The financial affidavit form prescribed by Local Rule 11 is a relatively unobtrusive document which elicits information in regard to the petitioner's overall financial standing. The specific inquiries made by the form relate to a petitioner's marital status and number of dependents, place of employment and income, properties owned, cash on hand, and outstanding obligations. These inquiries are couched in understandable language and a petitioner with only a modest education would have no trouble filling out the form. In addition to supplying information that is useful to the court in reaching an informed decision as to whether to grant a petitioner's request to proceed under § 1915, the particularity and certainty requirements of the form enables the court to determine whether a petitioner who is unable to pay full court costs is able to pay a part of the cost to be incurred through the litigation of his cause of action. If a litigant cannot pay the full filing fee or other court expenses, but it would not be economically unfair for him to pay a portion of the costs, it should be within the court's authority to order payment of a portion of the expense while waiving the remainder. *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.C.M.D.1978) (financial resources of minor plaintiffs, consisting of allowance of $32.50 per month, savings accounts of approximately $200, and savings bonds of $1,300 were sufficient to require partial payment of costs on appeal); *Braden v. Estelle*, 428 F.Supp. 595 (S.D. Texas 1977) (reasonable to require a state prisoner who had a trust account balance of $81.02 and a regular monthly income of $20 to $30 to make a partial payment of $9.00 toward the cost of filing fees); *United States ex rel. Irons v. Pennsylvania*, 407 F.Supp. 746, 747 (M.D.Pa.1976) (not unreasonable to require a prisoner who had $170.40 in his prisoner account to pay $5.00 fee to commence a habeas corpus action).

■ In summary, finding as we do that the financial affidavit filing requirement prescribed by Rule 11 of the General Rules of the Northern District of Illinois does not conflict with the precepts pronounced in *Adkins*, we hold that the lower court did not abuse its discretion in dismissing plaintiffs' action for failure to comply with the rule. The suggestion made by the amicus curiae, the United States of America,[3] that the judgment of the district court be affirmed pursuant to our Circuit Rule 15 is hereby adopted.

AFFIRMED.

---

**3.** Pursuant to an order of this court dated October 16, 1979, the United States Attorney for the Northern District of Illinois filed an amicus curiae brief in this matter.