772 F.2d 905
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GUY T. BLACK, PLAINTIFF-APPELLANT,
v.
CENTRAL INTELLIGENCE AGENCY; NATIONAL SECURITY AGENCY;
DEPARTMENT OF THE AIR FORCE; DEPARTMENT OF
JUSTICE; DEPARTMENT OF TREASURY,
DEFENDANTS-APPELLEES.
 NO. 83-3836
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 N.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon appellant's motion for counsel. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Guy T. Black is appealing the district court's denial of his motion to proceed in forma pauperis and dismissal of his Freedom of Information Act action as frivolous under 28 U.S.C. Sec. 1915(d). Black contends the appellees possess certain documents pertaining to him and that they will not give him access to the documents in accordance with the Freedom of Information Act, 5 U.S.C. Sec. 552.
 
 
 3
 The district court denied the motion to proceed in forma pauperis because the appellant's affidavit of indigency was not sufficient. The action was dismissed without prejudice. The district court has wide discretion in denying a party's application to proceed in forma pauperis. Flowers v. Turbine Support Division, 507 F.2d 1242 (5th Cir. 1975). The requirement of the affidavit protects against fraudulent invocation of 28 U.S.C. Sec. 1915. Jefferson v. United States, 277 F.2d 723 (9th Cir. 1960). A short cursory oath of indigency does not satisfy the affidavit requirement; inquiries concerning employment, income, property owned and case on hand are relevant to the question of indigency so that an informed decision on the issue can be made. Zaun v. Dobbin, 628 F.2d 990 (7th Cir. 1980); See Appendix of Forms, Form 4, Federal Rules of Appellate Procedure. The district court did not abuse its discretion. The affidavit filed by the appellant did not provide enough information to support the indigency allegation.
 
 
 4
 Dismissal of the action as being frivolous, however, appears to have been premature. An action is frivolous and may be dismissed under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). Letters were filed with the complaint which showed the appellee agencies have indicated they do not have possession of the required documents. This is a factual issue. Consequently, without affidavits or other evidence filed on behalf of the appellees to show that they do not have the documents, the case is not frivolous under Malone v. Colyer, supra.
 
 
 5
 The appellant has made other allegations of error. After review of these arguments, the Court finds they are without merit.
 
 
 6
 The appellant failed to file a sufficient affidavit of indigency in requesting in forma pauperis status. In this respect, the district court judgment is affirmed pursuant to Rule 9(d) 3, Rules of the Sixth Circuit. Since the district court dismissed the action without prejudice, the appellant may again file the action. If he wants to proceed in forma pauperis, he must file a sufficient affidavit of indigency.