978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman MORISSETTE, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al., Defendants-Appellees.
 No. 91-2672.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 22, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Sherman Morissette, an Illinois state inmate, appeals from an order of the district judge dismissing his civil rights complaint for failure to pay a partial filing fee. The district judge assessed Morissette a $9.03 partial filing fee after reviewing his trust fund ledger which indicated that he received $108.41 in his prison account over the six months preceding the filing of his complaint. The district judge gave Morissette forty-five days in which to pay the fee, and warned that his failure to do so would result in the denial of his petition for leave to proceed without prepayment of fees and costs.
 
 
 2
 Morissette moved for reconsideration, protesting that he had no funds from which to pay the fee because he was in segregation. The district judge reconsidered Morissette's request to proceed without prepayment of fees and costs and determined that his initial ruling was correct. The judge ordered Morissette to pay the previously assessed fee, but gave him an additional ninety days within which to comply with the prepayment order. The judge again warned Morissette that his failure to comply with the order would result in the denial of his petition for leave to proceed without prepayment of fees and costs. When the ninety-day period elapsed without payment, the district judge dismissed Morissette's complaint without prejudice.
 
 
 3
 Under 28 U.S.C. § 1915, an indigent litigant may prosecute a lawsuit without paying filing fees or court costs. A district judge, however, has the discretion to require the litigant to pay a partial filing fee if it would be economically fair to do so. Zaun v. Dobbin, 628 F.2d 990, 993 (7th Cir.1980).
 
 
 4
 In his brief, Morissette admits that he made $22 in unassigned pay during the relevant time period. Morissette's decision to use this money to buy toiletries rather than to file his complaint "demonstrated an implied evaluation of the suit that the district [judge] is entitled to honor." Lombard v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987). In these circumstances, it was not an abuse of discretion for the district judge to assess a $9.03 filing fee or to dismiss the complaint when the assessment was not paid.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record