**Jeffrey H. REYNOLDS, III,**
**Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF PRISONS,**
**Defendant–Appellee.**

No. 01–5813.

United States Court of Appeals,
Sixth Circuit.

March 11, 2002.

Before KENNEDY, BOGGS, and
DAUGHTREY, Circuit Judges.

*ORDER*

Jeffrey H. Reynolds, III, appeals pro se from a district court order that denied his motion for pauper status in a civil rights action that he had filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Reynolds moved for leave to file his civil rights complaint *in forma pauperis* ("IFP"). On May 15, 2001, the district court issued an order that denied Reynolds's motion it indicated that he owned "non-marketable securities" of "unknown" value. *See* 28 U.S.C. § 1915. Reynolds was advised that his case would be dismissed for lack of prosecution if the required filing fee was not paid within twenty days. The district court denied

Reynolds's motion for reconsideration, and he now appeals.

The district court did not abuse its discretion by denying Reynolds's IFP motion because he did not show that he would be denied the basic necessities of life if he were required to pay a filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). Reynolds submitted an affidavit with his motion for reconsideration which provided some background information regarding the securities that he owned. However, the court acted within its discretion by denying this motion, as Reynolds did not identify the securities with particularity or offer a credible estimate of their value. *See Brogue v. Fort Knox Fed. Credit Union*, No. 96–1896, 114 F.3d 1186, 1997 WL 242032, at *1 (6th Cir. May 8, 1997) (unpublished order); *Schmidt v. United Am. Ins. Co.*, No. 96–3322, 110 F.3d 64, 1997 WL 133306, at *1 (6th Cir. Mar. 21, 1997) (unpublished order).

Reynolds now argues that the denial of his motion to proceed as a pauper in the district court is inconsistent with the court's subsequent decision to grant him IFP status on appeal. However, the court merely allowed Reynolds to appeal its prior decision as a pauper, to avoid the risk of shielding that decision from appellate review.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.