**Ameer Xenos FLIPPIN,**
**Plaintiff–Appellant,**

v.

**Walter MASSEY, Morehouse College**
**President and Personally, et al.,**
**Defendants–Appellees.**

No. 03–5764.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2004.

Ameer Xenos Flippin, Memphis, TN, pro se.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Ameer Xenos Flippin appeals pro se from a district court order that denied his motion for leave to proceed *in forma pauperis* ("IFP") in a civil rights action. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Flippin supported his IFP motion with an unsworn statement which indicated that he was indebted to his employer and that his only asset was a car valued at less than $500. The district court denied the motion and directed him to submit a sworn affidavit or declaration that responded fully to the inquiries on its IFP form. Flippin then filed a second unsworn pleading, alleging that he had worked during the past year as a parking valet, taxi driver, and substitute teacher. However, he did not follow the court's direction to submit an appropriate affidavit or declaration in support of his motion. Thus, the court issued an order on May 22, 2003, advising Flippin that the case would be dismissed if he did not pay the required filing fee within eleven days.

It is from this order that Flippin now appeals. He has filed several miscellaneous motions, including a motion to recover costs and fees.

We review the denial of an IFP motion for an abuse of discretion. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir.1988). The district court did not abuse its discretion here because Flippin failed to support his motion with a sworn affidavit or declaration as required by 28 U.S.C. § 1915(a)(1). *See Reynolds v. Fed. Bureau of Prisons*, 30 Fed.Appx. 574, 575 (6th Cir.2002) (unpublished); *Brogue v. Fort Knox Fed. Credit Union*, No. 96–1896, 1997 WL 242032, at *1 (6th Cir. May 8, 1997) (unpublished). We have considered Flippin's arguments to the contrary, and they are all unavailing.

Flippin also argues that he is indigent. However, we will not reach that argument because he did not provide the district court with properly verified and complete information to support his motion for pauper status.

Accordingly, all pending motions are denied and the district court's order is af-

firmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.