**Ameer Xenos FLIPPIN,**
**Plaintiff–Appellant,**

v.

**Devon Keante COBURN, Mississippi Highway Patrol; G. Gaston, Highway Patrol Officer; George W. Casey, Jr., Joint Chief of Staff, Officially; G.W. Casey, Jr., Usmilt; John M. Keane, General, Officially; U.S. Department of Defense Principle Deputy General;**

**Daniel J. Dell'Orto, Counsel; Daniel J. Dell'Orto; Coretta Scott King, Individually; Dexter King, Chairman of the King Center, Officially; Dexter King, Officially; Martin L. King, III; John Does 1 Through 100, Defendants–Appellees.**

No. 03–6266.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2004.

Ameer Xenos Flippin, Memphis, TN, pro se.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Ameer Xenos Flippin, a Tennessee resident proceeding pro se, appeals a district court order denying his motion for leave to proceed in forma pauperis. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Flippin tendered a complaint and a motion to proceed in forma pauperis in the district court. Because the motion consisted of an unsworn declaration that was incomplete, the district court ordered Flippin to submit a completed form meeting the necessary certification requirements. Flippin presented a second self-styled affidavit outlining his former employment, but he did not include information concerning his expenses and financial obligations as directed. The district court denied his motion for pauper status, and Flippin filed a timely appeal from this decision.

Flippin subsequently filed a motion seeking leave to proceed in forma pauperis on appeal in the district court. See Fed. R.App. P. 24(a)(1). On March 1, 2004, the district court denied his motion and certified that any appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Flippin has since filed a motion to proceed in forma pauperis with this court. See Fed R.App. P. 24(a)(5); see generally Callihan v. Schneider, 178 F.3d 800, 803–04 (6th Cir.1999) (overruling Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997) and allowing a non-prisoner to file a motion to proceed on appeal in forma pauperis with the court of appeals despite a district court's order denying pauper status and certifying that an appeal would not be taken in good faith).

The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). This court reviews a district court's order denying pauper status for an abuse of discretion. Id. An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." Fisher v. City of Memphis, 234 F.3d 312, 316 (6th Cir.2000) (quoting United States v. Hart, 70 F.3d 854, 859 (6th Cir.1995)).

Upon review, we conclude that the district court did not abuse its discretion when it denied Flippin's request to proceed in forma pauperis. The district court's review of an application for pauper status ordinarily is based solely upon the party's affidavit. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262–63 (6th Cir. 1990). Because Flippin failed to provide information about his expenses, the district court was unable to determine whether he was indigent, and therefore, it properly denied his motion to proceed in forma pauperis. See Flippin v. Massey, 86 Fed. Appx. 896, 897 (6th Cir.2004) (unpublished); Reynolds v. Fed. Bureau of Prisons, 30 Fed.Appx. 574, 575 (6th Cir.2002) (unpublished); Schmidt v. United Am. Ins. Co., No. 96–3322, 1997 WL 133306, at *1 (6th Cir. Mar.21, 1997) (unpublished); Brogue v. Fort Knox Fed. Credit Union, No. 96–1896, 1997 WL 242032, at *1 (6th Cir. May 8, 1997) (unpublished); Black v. CIA, No. 83–3836, 1985 WL 13559, at *1 (6th Cir. Aug.29, 1985) (unpublished). We have considered Flippin's arguments to the contrary, and they are all unavailing.

Accordingly, all pending motions are denied and the district court's order is af-

firmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.