**James Butler ELKINS and Raymond Frederick Clark, Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15738.**

United States Court of Appeals
Ninth Circuit.

Nov. 11, 1957.

Krause, Evans & Lindsay, William J. Crawford, Burton J. Fallgren, Portland, Or., for appellants.

C. E. Luckey, U. S. Atty., Portland, Or., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

Clark, who, according to his affidavit was convicted jointly with another defendant on seven misdemeanor counts, moves this Court to consolidate his alleged appeal with that of the other defendant and to file three photostatic copies of transcript and to appeal in forma pauperis to the extent that the United States shall pay for his share of this transcript.

28 U.S.C.A. § 1915 provides in part:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

"(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of furnishing a stenographic transcript and printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

No application has apparently been made to the trial court to appeal in forma pauperis, and therefore there is no certificate in writing that the appeal is not taken in good faith. If such a certificate were of record, this appeal could not be maintained in forma pauperis. Therefore, the application should have been made to the trial court. Under subsection (b), on an appeal in forma pauperis, the court might direct the expense of furnishing a stenographic transcript and printing the record be paid by the United States. But a condition precedent to such an order would be the filing of an affidavit like that called for in subsection (a). It is true an affidavit was filed by Clark to support his motion, but it did not contain the sworn statement that he is a citizen of the United States. The affidavit is therefore fatally defective.

While the question is not yet before us, Clark's own showing would indicate he is able to pay the docket fee.

Elkins and Clark were jointly indicted and jointly tried and convicted in the United States District Court for the District of Oregon. Each appeals.

Clark seeks here now to consolidate this appeal with the one filed by Elkins and to proceed in forma pauperis as to the consolidated case. His in forma pauperis procedure would include furnishing this Court with a record reproduced by a photostatic (or similar) process and the government paying one-half of the cost of the transcript of evidence.

In the present posture of things, it must be assumed that Elkins is able to pay for a transcript and printing.

This Court doubts whether it could with propriety apportion poverty. That Elkins should have the benefit of Clark's alleged poverty seems quite unfair to the

American taxpayer whom Clark would charge with one-half of the cost of transcription.

The Court is therefore disposed to extend the time for Clark to docket his appeal and to wait to see if the trial court takes action and to see if Elkins dockets his appeal, furnishes the stenographic transcript of the evidence, and advances his printing costs. In such event, an order of consolidation could be made later.

On the other had, if Elkins desires to furnish the record (three copies) and a stenographic transcript of the evidence (three copies), the Court is disposed to waive the printing of the record and to permit consolidation; also, to authorize typewritten briefs for Clark.