**Leroy JEFFERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Undocketed.**

United States Court of Appeals Ninth Circuit.

April 25, 1960.

Morris A. Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM ORDER.

Defendant Jefferson moves for leave to pursue his appeal in forma pauperis. 28 U.S.C. § 1915. His affidavit in support of that motion avers he "is without funds," and nothing more with respect to his poverty.

Jefferson was placed on $10,000 bond during his trial. He asks for release on bail by separate proceedings heretofore heard, and denied, by this Court. The trial court previously denied bail, stating there "was great danger of the defendant absconding if released on bail."

At the trial below, the three defendants, in the two cases from the United States District Court for the Southern District of California, were represented by the same counsel presenting this motion. Two of these defendants were admitted to bail after conviction. There is no showing they are not able and prepared to pay for and obtain the full transcript in their own two cases. We may presume they are, for no application is filed on their behalf to proceed in forma pauperis. Formerly, when an action was prosecuted for the joint benefit of several persons, each person was required to make the poverty

affidavit. But see Adkins v. E. I. Du Pont De Nemours & Co., 1948, 335 U.S. 331, at page 340, 69 S.Ct. 85, at page 89, 93 L.Ed. 43. The right to proceed in forma pauperis is not an unqualified one, Loum v. Underwood, 6 Cir., 1959, 262 F.2d 866. It is a privilege, rather than a right. Application of Pierce, 9 Cir., 1957, 246 F.2d 902. One need not be absolutely destitute to obtain benefits of the in forma pauperis statute. And, "Where the affidavits [in support of the motion] are written in the language of the statute it would seem that they should ordinarily be accepted, for trial purposes, particularly where unquestioned. * * *" Adkins v. E. I. Du Pont De Nemours & Co., supra, 335 U.S. at page 339, 69 S.Ct. at page 89.

Here the language of the statute was only partially followed. It recites the conclusion that Jefferson is unable to pay costs, but fails to state he cannot give security therefor. He asked this Court, contemporaneously with his present motion, to fix a bail. We must assume he has the financial ability to post it, or to give security for the faithful performance of that obligation, or, at the very least, to arrange for someone else to raise sufficient funds.

■ The defendant's affidavit in support of the good faith aspect of his appeal raises three matters as alleged error: (a) the discharge of a juror; (b) alleged prejudicial remarks made by the trial judge and the prosecutor; and (c) the admission of evidence as to the arrest of a co-defendant. No showing is made that the entire transcript is necessary or required to enable defendant to raise these questions on appeal. Is the whole transcript necessary, or are parts of it "wholly unnecessary"? A court may exercise a limited judicial discretion in the granting or denial of permission to proceed in forma pauperis. Kinney v. Plymouth Rock Squab Co., 1915, 236 U.S. 43, 45–46, 35 S.Ct. 236, 59 L.Ed. 457. Fed.R.Civ.P. 75(m).

■ Part of the protection to the taxpayer from the fraudulent or carelessly granted payment of costs on appeal, and payment for the transcript of evidence, at government expense is contained in two provisions of 28 U.S.C. § 1915—namely, subdivision (d) and (e). If the allegation of poverty is untrue, the case may be dismissed. Or, if thought proper, the costs of the transcript may be taxed as costs of court. And, as the Supreme Court has pointed out, one who makes this affidavit exposes himself "to the pains of perjury in a case of bad faith. * * *" Pothier v. Rodman, 1923, 261 U.S. 307, 309, 43 S.Ct. 374, 375, 67 L.Ed. 670. "This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Adkins v. E. I. Du Pont De Nemours & Co., supra, 335 U.S. at page 338, 69 S. Ct. at page 89. Because of the existence of these sanctions, it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty. No such certainty and definiteness, and no particularity, exists in the affidavits before us.

■ Entirely apart from what we have hereinabove said, we cannot grant defendant's motions. In the two cases arising from the United States District Court for the Southern District of California, a motion was made before the trial court to proceed in forma pauperis. That motion of defendant's was stricken from the calendar on request of defendant's counsel on October 19, 1959. So far as we can ascertain, the district court has never acted on such motions. We do not know whether in the estimate of the district court who heard the case this planned appeal is or is not plainly frivolous. Elkins v. United States, 9 Cir., 1957, 250 F.2d 145. Cf. Nix v. United States, 5 Cir., 1942, 131 F.2d 857.

And, there is no showing before us whether any such motion was made in the matter tried in the United States District Court for the Northern District of California.

The motions to appeal in forma pauperis are, in each action, denied. Defendant Jefferson is granted forty days from the date hereof in which to file the records and docket the causes.

Castle, Circuit Judge, dissented.