Charles Leonard **ELLIOTT**, Petitioner,

v.

**Edward R. MEYERS, Superintendent, Correctional Training Facility, Soledad, California, et al., Respondents.**

No. C–87–3770 SAW.

United States District Court,
N.D. California.

Dec. 8, 1987.

Charles L. Elliott, in pro. per.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Petitioner Charles Elliott was convicted in state court of battery on a peace officer. During the sentencing hearing, the judge allegedly violated section 1170(c) of the California Penal Code by failing to inform Elliott of a mandatory three year parole period. Upon expiration of the prison term

on November 24, 1986, Elliott refused to sign a parole agreement, and on December 8, 1986, the California Board of Prison Terms revoked his parole. After repeated refusals to sign the agreement, the Board revoked his parole again on May 19, 1987. This Court denied his petition for a writ of habeas corpus on September 10, 1987. Elliott now petitions the Court for a certificate of probable cause to appeal, as required by 28 U.S.C. § 2253, and leave to proceed *in forma pauperis*.

Because Elliott has averred facts sufficient to establish that he suffers from "poverty," leave to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915; *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960).

A certificate of probable cause may be granted only if Elliott makes a "substantial showing of a denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). He must demonstrate that the "issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* at 883 n. 1, 103 S.Ct. at 3390 n. 1 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980) (emphasis in original)). Elliott contends that the trial judge's failure to inform him of the parole period created a liberty interest in his being free from all state custody after his prison term expired. Elliott maintains that the prison system lacks the authority to impose a parole period not ordered by the sentencing judge and that the State violated his liberty by doing so.

However, as explained in the order denying the writ of habeas corpus, the Board of Prison Terms of the California Department of Corrections does not impose the parole period; in Elliott's case, parole is mandated by statute, and the Board is only authorized to *waive* the parole term. Cal.Penal Code § 3000(a).

Citing *People v. Mesa*, 14 Cal.3d 466, 121 Cal.Rptr. 473, 535 P.2d 337 (1975), Elliott contends that the judge's oral sentence defines the limits of state custody. In *Mesa*, the California Supreme Court held that orally pronounced sentences are controlling over those entered into the minutes or judgment abstracts. *Id.* at 471, 121 Cal. Rptr. 473, 535 P.2d 337. However, the decision does not address statutorily mandated parole periods. Elliott has cited no authority for the proposition that the judge's omission after a fair trial can negate a mandatory parole provision enacted by the legislature. While the judge should have informed Elliott, the judge's omission did not create any cognizable liberty interest.

Because Elliott has failed to make a substantial showing of a denial of a federal right, the application for certificate of probable cause is denied.

Accordingly,

IT IS HEREBY ORDERED:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. The application for a certificate of probable cause to appeal is DENIED.