**Tyrone D. WILLIAMS, Plaintiff,**

**v.**

**Warden MARSHALL, et al., Defendants.**

**Tyrone D. WILLIAMS, Plaintiff,**

**v.**

**James GOMEZ, et al., Defendants.**

**Nos. C–92–0994–VRW, C–92–1437–VRW.**

United States District Court,
N.D. California.

July 27, 1992.

Tyrone D. Williams, pro se.

Morris Lenk, Deputy Atty. Gen., State of Cal., San Francisco, Cal., for defendants.

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS.**

WALKER, District Judge.

Williams, an inmate at Pelican Bay State Prison, filed these two lawsuits challenging conditions of his confinement. In each, Williams has applied to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.

█ The benefit extended to litigants to proceed in forma pauperis under this stat-

ute is a privilege, not a right. *Franklin v. Murphy,* 745 F.2d 1221, 1231 (9th Cir.1984); *Williams v. Field,* 394 F.2d 329, 332 (9th Cir.1968). It is well established that, to obtain this privilege, a litigant must demonstrate to the court's satisfaction the inability to prepay. "When a claim of poverty is made under section 1915, it is proper and indeed essential for the supporting affidavit to state facts as to the affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981), citing *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir.1960).

Williams' initial affidavit in support of his in forma pauperis application merely stated that, as an inmate in state prison, he "simply can't pay." This is inadequate. On June 18, 1992, the court ordered Williams to supplement this affidavit with a certified copy of the record of his prison trust account, showing all deposits and withdrawals for the six months preceding the filing of the lawsuits.

 Williams has now complied with the court's order. His supplemental affidavit indicates that, as an inmate in the Security Housing Unit, he has no income nor opportunity to work and thereby earn income. The affidavit includes a copy of his prison trust account statement, which indicates a current balance of $0.00 and little activity in the preceding four months. Both Williams' affidavit and the transmittal letter from the Department of Corrections Trust Office indicate that only four months of information are stored by the Trust Office. Therefore, although earlier records might be obtained from the Trust Office archives, the court excuses for cause shown Williams' failure to produce the full six months of records required by the June 18 order.

Williams' supplemental affidavit, with the attached trust fund records, establishes to the court's satisfaction that Williams is indeed unable to prepay the fees and costs of these two actions. Williams' application to proceed in these matters in forma pauperis is GRANTED.

This waiver of Williams' obligation to prepay the filing fee does mean that the obligation is permanently forgiven. If Williams later becomes able to pay all or part of the fee during or after the litigation, he may be required to do so. *Wiideman v. Harper,* 754 F.Supp. 808, 809 (D.Nev.1990). If Williams prevails, the filing fee must be paid out of any monetary recovery. Moreover, if the defendants prevail, Williams may become liable for defendants' costs of suit. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989); *Lay v. Anderson,* 837 F.2d 231, 232–33 (5th Cir. 1988); *Flint v. Haynes,* 651 F.2d 970, 972–73 (4th Cir.1981).

IT IS SO ORDERED.