Wilbert D. SONNIER, Plaintiff–
Appellant,

v.

LOS ANGELES COUNTY DISTRICT
ATTORNEY'S OFFICE, a department
of the County of Los Angeles; Gilbert
Garcetti, District Attorney; Gilbert
Iberri Garcetti, individually; Wayne
Douglas Doss, individually & in his
official capacity as Director of the
Bureau of Family Support Opera-
tions; Barbara Catlow, individually &
in her official capacity as Assistant
Director of the Bureau of Family Sup-
port Operations; Lorrie Stewart, indi-
vidually & in her official capacity as
Assistant Director of the Bureau of
Family Support Operations; Edward
Mizrahi, individually & in his official
capacity as Deputy District Attorney;
Vincent Edward Carberry, individual-
ly & in his official capacity as Deputy
District Attorney, and all others simi-
larly situated, Defendants–Appellees.

No. 00–55828.

D.C. No. CV–99–11341–CAS.

United States Court of Appeals,
Ninth Circuit.

Submitted* Jan. 16, 2002.

Decided Feb. 7, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge and MCKEOWN, Circuit Judge and ZILLY.** , District Judge.

### MEMORANDUM***

 Wilbert Sonnier appeals the dismissal of his *in forma pauperis* ("IFP") suit under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief can be granted and on the ground that he named persons who are immune from suit.

He challenges that statute on equal protection grounds, claiming in essence that courts cannot *sua sponte* dismiss *in forma pauperis* complaints before the defendants are served and appear. In order to succeed, he must establish either that the provision burdens a fundamental right or targets a suspect class and is not necessary to achieve a government interest, or that it bears no rational relationship to the achievement of a legitimate governmental objective. *Romer v. Evans*, 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996).

The statute does not burden a fundamental right, because a proceeding IFP is a privilege, not a right. *See, e.g., Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.1965); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960). There is no contention that the statute targets a suspect class, nor is poverty a classification subject to heightened security. *See, e.g., San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The provision is rationally related to the achievement of a legitimate government objective. *See, e.g., Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir.1999) ("we have previously held that the PLRA satisfied rational basis scrutiny"). Accordingly, there is no equal protection violation.

We deal summarily with the merits of plaintiff's remaining claims and conclude that the district court did not err.

All of the plaintiff's malicious prosecution claims were properly dismissed, both because California Penal Code § 270f does not require a specific pre-prosecution investigation and because examination of the relevant statutes reveals that once the prosecutors had probable cause to bring the § 166 charge, they also had probable cause to bring the § 270 charge. *Compare* Cal.Penal Code § 166(a)(4), *with* Cal.Penal Code § 270; *see Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995) (to prevail on malicious prosecution claim under § 1983, claimant must show that defendants prosecuted him without probable cause).

Sonnier's § 1983 claim for violation of a federal statute fails to state a claim on which relief may be granted because Sonnier is not a member of the intended class

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of beneficiaries of the statute he invokes. *See Blessing v. Freestone*, 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997).

■ Sonnier's § 1983 municipal liability claim against the County of Los Angeles was properly dismissed because the Los Angeles County District Attorney is an agent of the state, not the county, and therefore is not a proper defendant in a § 1983 action. *Pitts v. County of Kern*, 17 Cal.4th 340, 70 Cal.Rptr.2d 823, 949 P.2d 920, 937 (Cal.1998); *Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Sonnier's § 1985 claim was also properly dismissed because he is not a member of "a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir.1987). Sonnier's proposed amendments are also insufficient to allege membership in such a class.

Sonnier's § 1983 supervisory liability claims, as well as his claims for declaratory and injunctive relief, were properly dismissed because Sonnier has failed to allege a § 1983 claim on which relief may be granted.

■ Sonnier also alleges error in the district court's order striking Sonnier's summons and proof of service, and in the district court's denial of his motion for a default judgment against defendant Lewis. The district court has inherent power to control its docket, *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), and did not err in striking the summons so that the defendants would not be required to respond to the complaint until the district court completed its § 1915(e) review. Once the district court struck the sum-

mons from the record, Lewis was no longer obligated to respond to the complaint, *see* Fed.R.Civ.P. 55(a), and the district court did not abuse its discretion in denying Sonnier's motion for a default judgment against her.

AFFIRMED.