### CRAPO v. JOHNSTON, Warden.

#### No. 10745.

Circuit Court of Appeals, Ninth Circuit.

Aug. 23, 1944.

Writ of Certiorari Denied Dec. 4, 1944.

See 65 S.Ct. 267.

Alton Crapo, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The appellant was tried on February 16, 1939, in the District Court of the United States for the District of Kansas, First Division, and found guilty on two counts contained in an indictment charging in Count One the possession of an unregistered firearm, December 20, 1936, and in Count Two with having in possession said firearm, towit, a "Remington, sawed-off shot gun, Model Number 16, 11-12 gauge, repeating, Serial No. 130007, the said barrel of said sawed-off shot gun being less than eighteen (18) inches in length," which had been transferred without the payment of $200 tax on said firearm and without the securing of stamps showing the payment of said tax, "as provided by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury of the United States, and in failing to

affix said stamps to the order for such firearms as provided by law," etc.

Defendant was convicted and sentenced to three years on Count One and five years on Count Two, said sentences to run consecutively. He was placed on probation on the second count for a period of five years. On August 3, 1942, the probation was revoked and the defendant sentenced to a term of five years; he was transferred to the federal penitentiary at Alcatraz, and petitioned the United States District Court for the Northern District of California, Southern Division, for release upon petition for writ of habeas corpus, alleging the foregoing facts.

Appellant claims that the court had no jurisdiction to render the sentence upon the second count or in the alternative that such sentence constituted double jeopardy, being for the same offense alleged in the first count. The sentence on the first count having been served he asked for his discharge. An order to show cause was issued by the District Court and a demurrer was interposed by the respondent which was sustained by the trial court and the petitioner was remanded to the custody of respondent and petitioner appealed.

█ It is true that each count alleges the possession of the same firearm but the statute makes the possession illegal for each of two reasons; therefore, the offenses were different, requiring different proof, although the weapon was the same. It is a common occurrence in federal legislation concerning the definition and punishment of crime to make separate crimes of incidents involved in what might otherwise be considered a single transaction. In dealing with such a legislative situation the rule has been initiated and is clearly established that if different evidence is required to establish the crime alleged in different counts, that each count, to conform to the statute, states a separate crime.

█ There is no merit in the appellant's claim that the trial court is without jurisdiction, or that he has suffered double jeopardy for the same offense, although the latter question cannot be raised by habeas corpus.

Affirmed.