**HENSLEY v. UNITED STATES.**
No. 9341.

United States Court of Appeals
District of Columbia.

Argued Jan. 6, 1947.

Decided Feb. 10, 1947.
Writ of Certiorari Denied May 5, 1947.
See 67 S.Ct. 1305.

Mr. James R. Kirkland, of Washington, D. C., with whom Mr. M. Edward Buckley, Jr., of Washington, D. C., was on the brief, for appellant. Mr. Ira Chase Koehne, of Washington, D. C., also entered an appearance for appellant.

Mr. Oliver O. Dibble, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mr. William Hitz, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Edward M. Curran, United States Attorney at the time the record was filed, and Mr. Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was indicted in three counts for violation of the Marihuana Tax Act.[1] The first count related to a transfer of 48 ounces of marihuana on October 30, 1942. The second count related to the transfer of 940 cigarettes and 48 ounces of marihuana on November 4, 1942. The third count related to the unlawful possession of 125 grains of marihuana, not involved in either of the two transfers, on November 4, 1942. He at first pleaded not guilty to all counts, but later withdrew that plea to the third count, pleaded guilty to that count, and was sentenced to imprisonment upon that plea. The prosecuting attorney entered a nolle prosequi to the first and

---

[1] Act of August 2, 1937, 26 U.S.C.A. Int.Rev.Code, §§ 2591, 2593, 2596, 2600.

second counts. Appellant entered upon service of his sentence. About a month later, the court of its own motion ordered the sentence vacated and set aside and, upon motion of the Government, dismissed the count of the indictment upon which that sentence had been based.

Thereafter, appellant was indicted in eight counts, two of which were identical with Counts one and two of the first indictment. None of the eight related to the transaction to which the third count of the earlier indictment had related. He was tried and convicted upon the two counts alone, and was sentenced upon the judgment of conviction. He appeals from that judgment and sentence.

▆ Appellant's first and principal point is that in view of what had transpired he was placed in double jeopardy by the second indictment. We do not think so. The three counts of the first indictment related to different offenses, not merely to different offenses arising from the same transaction but to three different transactions. He was not indicted in the second indictment for the same offense or for the same transaction charged in the third count in the first indictment. The well-established test of double jeopardy is the identity of the offenses charged. Appellant was not placed in jeopardy by the arraignment and plea of not guilty to the first two counts in the first indictment or by the prosecutor's nolle prosequi of those counts. That he was placed in jeopardy by the plea of guilty and sentence upon the third count of the first indictment did not prevent his reindictment upon the first two counts, relating to different offenses.[2]

▆ Appellant's second point is that upon the trial under the second indictment the court at first admitted evidence that the police officers found marihuana in defendant's home on November 4, 1942. In the testimony thus admitted, no reference was made to the fact that possession of that marihuana had been the basis for a prior indictment and sentence. The evidence was offered merely to prove that at the same time that he transferred the 940 cigarettes and 48 ounces of the drug, he was in possession of an additional amount at his home. Later in the trial the court struck that evidence and instructed the jury to disregard it completely. The appellant being on trial for the transfer of a given amount of marihuana, we do not think it error to admit in evidence the fact that he had additional amounts in his possession. We, therefore, do not see that error was committed when the court admitted that evidence and later struck it.

▆ Appellant next argues that under the Act it was necessary for the Government to prove that a formal demand had been made on the appellant for a written order of transfer, before he could be accused of making an illegal transfer. He apparently draws this argument from the provisions of Section 2593(a) of Title 26 U.S.C.A. Int.Rev.Code. But that section relates merely to the presumption of guilt which arises from possession of marihuana and failure, after reasonable notice and demand by the Collector, to produce the required order form. The unlawful possession with which appellant was accused was under Section 2591(a) and does not require a preliminary demand for the order. The prosecution did establish that a request for the order form was made subsequent to the transfer, and that the appellant had no such order form.

Affirmed.

---

[2] Crapo v. Johnston, 9 Cir., 1944, 144 F.2d 863, certiorari denied, 1944, 323 U. S. 785, 65 S.Ct. 267, 89 L.Ed. 626; Michener v. Johnston, 9 Cir., 1944, 141 F.2d 171; Bracey v. Zerbst, 10 Cir., 1937, 93 F.2d 8.