## Application of MARION.
### Misc. No. 149.

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1949.

———◆———

Martin Luther Marion in pro. per.

No other appearances were entered.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

PER CURIAM.

Petitioner herein seeks to proceed forma pauperis in a claimed appeal and for other relief. His petition alleges that he commenced in the United States District Court for the District of Nevada a proceeding seeking a writ of detinue to produce certain records alleged to have been stolen from him and suppressed by the United States Attorney; that District Judge Foley granted petitioner the right to prosecute his action in forma pauperis; that upon Judge Foley's disqualifying himself, District Judge Lemmon was designated to sit in his place; that a motion to dismiss was filed, which was granted on September 20, 1949; that on September 26, 1949, petitioner sent to the clerk his notice of appeal which was received by the clerk, who refused to file it unless the filing fee of $5.00 was paid.

It is further alleged that on October 7th, Judge Lemmon issued a certificate stating that in his opinion there is no merit to the appeal and that it is not taken in good faith.

Section 1915(a), Title 28 of the Judicial Code provides:

"§ 1915. Proceedings in forma pauperis.

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal *therein,* without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. * * *

"An appeal may not be *taken* in forma pauperis if the trial court certifies in writing that it is not taken in good faith." (Emphasis supplied.)

It is apparent that the giving of a notice of appeal to the clerk was for an appeal forma pauperis. The certificate that it is not taken in good faith requires us to hold that it is not taken within the above provisions of the code, and that we have not the power to grant any relief to the petitioner.

The petition is dismissed.