**UNITED STATES v. HUGGINS.**

No. 10180.

United States Court of Appeals
Seventh Circuit.

Nov. 2, 1950.

Leonard Brody, Chicago, Ill., for appellant.

Gilmore S. Haynie, U. S. Atty., Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., South Bend, Ind., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Defendant appeals from an order entered in the District Court on April 13, 1950, denying his motion under section 2255, title 28 U.S.C.A., to vacate the sentence imposed on him on February 28, 1949, on count two of the indictment upon which he pleaded guilty on July 30, 1947.

In his motion defendant says: "I forged and cashed but one check, yet I have two sentences imposed on me, two years and five years." He was indicted under section 73,[1] title 18 U.S.C.A. There were two counts to the indictment, the first count charging forgery of a United States treasury check, the second count charging uttering and publishing said check, being two separate and distinct offenses.

The indictment was returned by the Grand Jury to the United States District Court for the Northern District of California, Southern Division, and under Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., was, on defendant's motion, transferred to the United States District Court for the Northern District of Indiana, in which district he was arrested. The indictment was filed in Indiana on June 2, 1947; the necessary consents to transfer were filed by the defendant, and by the United States attorneys of each district, as provided by Rule 20.

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 495.

The record in the trial court shows the following on July 10, 1947: "Comes now the United States Attorney, and comes also the defendant in person and said defendant, having been advised of his constitutional right to counsel, and having been asked whether he desired counsel assigned by the court, replied that he did not. Thereupon said defendant is arraigned in open court upon the indictment herein, and for plea thereunto, says he is guilty as charged in both counts of the indictment."

On July 30, 1947, the court sentenced the defendant to two years and suspended the sentence for a period of three and a half years and put the defendant on probation for three and a half years on count one, and on count two the imposition of sentence was withheld and defendant placed on probation for three and a half years to run concurrently with the probation granted on count one.

On August 5, 1947, the chief probation officer of the United States District Court for the Northern District of Indiana, presented his petition to the court alleging that the defendant defaulted in his probation, and the court ordered the issuance of a bench warrant for his arrest.

On September 8, 1947, upon a hearing, the court sustained the petition and revoked the probation granted under count one and imposed sentence and commitment on said count, sentencing the defendant to two years in the custody of the Attorney General and again withholding the imposition of sentence on count two, however extending the probation period on count two from three and a half years to five years from July 30, 1947.

On November 7, 1949, the chief probation officer of the United States District Court for the Northern District of Indiana filed another petition for revocation of the probation granted on count two, alleging the defendant had absconded and failed to advise the probation officer as to his address and whereabouts, failed to maintain steady employment, wrote a bad check in the amount of $60.40 which he cashed at a local tavern. The court sustained said petition and revoked the probation and imposed sentence on count two of the indictment,

sentencing the defendant to five years in the custody of the Attorney General, to be served at the conclusion of the balance of the sentence unserved on count one under which he was then on parole.

On December 16, 1949, defendant addressed a letter to the District Court in the form of a motion for relief under section 2255, title 28 U.S.C.A., asking the court to review his case; the United States District Attorney answered, and on April 13, 1950, the court denied defendant's motion, without defendant being present in court, filed findings of fact and conclusions of law, and this appeal followed.

 No complaint of the sentence imposed on count one is made but defendant does complain that he was sentenced twice for the same offenses, claiming "double jeopardy." That is not the fact. The test of "double jeopardy" is the identity of the offenses charged. Hensley v. United States, 82 U.S.App.D.C. 14, 160 F.2d 257. The indictment contained two counts, the first count charging forgery of a United States treasury check, count two charging the uttering of said check, each count charging distinct and separate offenses requiring different proof. Sentence on count two was withheld but he was put on probation for five years on count two. He violated his probation and it was revoked and a sentence of five years was imposed. The court had the power to proceed as it did. Reed v. United States, 9 Cir., 181 F.2d 141. Apparently the defendant is under the impression that his sentence was two years on count one and five years probation on count two. The record shows otherwise. When he was arraigned he was asked if he pleaded guilty to both counts of the indictment, and he answered yes. In Crapo v. Johnston, 9 Cir., 144 F.2d 863, the court said imposition of sentence on second count after sentence on first count and after probation previously granted on second count had been revoked, was not "double jeopardy." And in Gillespie v. Hunter, 10 Cir., 159 F.2d 410, the court held that where defendant was sentenced for violation of the National Motor Vehicle Theft Act, 18 U.S. C.A. § 2311 et seq., and sentence was suspended and defendant was placed on proba-

868

tion, and thereafter defendant was charged with violation of probation, upon revocation of probation the court could impose any sentence which might originally have been imposed, and imposition of new sentence did not constitute "double jeopardy."

■ The court had the power to impose sentence before probation was accorded, or after probation was revoked. The action of the trial court did not violate defendant's right under the Fifth Amendment of the Constitution of the United States.

■ Defendant complains that he was not represented by counsel and that the court should have appointed counsel to defend him. The record discloses that he understandingly waived the appointment of counsel by the court before he was arraigned and before any plea was entered. Where a defendant upon arraignment waived his right to counsel, such waiver continued in force throughout the proceedings and remained in effect when defendant was subsequently returned to court for violation of probation.

■ Whether the ends of justice will best be met by a revocation of probation is a matter of discretion with the trial court, and a probationer when brought before the court for such determination without being furnished counsel, has not been deprived of his constitutional right. Gillespie v. Hunter, 10 Cir., 159 F.2d 410.

At no stage of his trial, nor at any court hearing on violation of probation did defendant ever ask for or demand that the court appoint counsel to represent him.

The trial in the District Court in Indiana was of his own choice and at his request. The attitude of the trial court was manifestly fair to the defendant throughout the entire proceedings.

From an examination of the entire record it is apparent to us that the defendant was accorded his full constitutional rights.

The findings of fact made by the trial court are supported by the record and petitioner is entitled to no relief on his motion, hence we affirm the action of the trial court.