**Matter of the Application of Clayton C. PIERCE, for a Writ of Habeas Corpus.**

**Misc. No. 564.**

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1957.

Clayton C. Pierce, in pro. per.
No appearance for the Government.

DENMAN, Chief Judge.

Pierce, a prisoner of the United States, applies to me for reconsideration of my denial of his application for a writ of habeas corpus. The basis of the denial was that the sentencing court had denied him relief under Section 2255, title 28, U.S.C., and that under that section such denial precludes his applying for habeas corpus "if it appears that \* \* \* [the sentencing court] has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Pierce argues that the Section 2255 remedy is inadequate in his case because his several motions thereunder have been denied and because he has been "deprived of the right to appeal by denial of a certificate of good faith and permission to proceed in forma pauperis."

An appeal in forma pauperis is not a right but a privilege the granting of which is within the discretion of the court to which the application is made. Kirby v. Swope, 9 Cir., 1955, 218 F.2d 814. Clearly the denial of a privilege may not be made the basis for finding the remedy under Section 2255 "inadequate" so as to entitle Pierce to apply for habeas corpus. Where the district court refuses permission to appeal in forma pauperis, such permission may be sought here upon a showing that the appeal is meritorious.[1] Where the district court has certified that the appeal is frivolous and is not taken in good faith, the court of appeals lacks power to grant permission to appeal in forma pauperis,[2] unless the district court abused its discretion in so certifying,[3] in which case the court of appeals may set aside the erroneous certification, and allow an ap-

1. Beecher v. Leavenworth State Bank, 9 Cir., 1951, 191 F.2d 812, certiorari denied 1952, 343 U.S. 953, 954, 72 S.Ct. 1048, 96 L.Ed. 1354.

2. Application of Marion, 9 Cir., 1949, 178 F.2d 401.

3. Higgins v. Binns, 9 Cir., 1953, 204 F.2d 327; see also Parsell v. United States, 5 Cir., 1955, 218 F.2d 232, 235–236.

**904**

peal in forma pauperis. In view of these principles, therefore, it seems clear that Pierce's statement that the district court refused to grant him permission to appeal in forma pauperis does not support the conclusion that he attaches to it, i. e., that he was denied the right to appeal from the orders of the district court denying his motions under Section 2255.

■ It is well settled that in the absence of an appeal from a denial of a motion under Section 2255 there is no showing of the inadequacy or inefficacy of the remedy under that section so as to permit a federal prisoner to apply for habeas corpus. United States ex rel. Josey v. Humphrey, 3 Cir., 1954, 210 F.2d 326. It follows that the inadequacy of Section 2255 has not been shown on the facts here presented, and the motion for reconsideration of the denial of the writ must be, and hereby is, denied.