**William Thomas SHIELDS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
E. D. Kentucky,
Lexington.
Feb. 1, 1962.

---

William Thomas Shields, pro se.

No appearance for the United States.

HIRAM CHURCH FORD, District Judge.

William Thomas Shields, a prisoner now confined in the United States Penitentiary at Leavenworth, Kansas, pursuant to his conviction and sentence on September 16, 1959, under indictment No. 9009 then pending in this court, having been unsuccessful in securing relief by procedural methods prescribed by statute, tendered to the Clerk of this Court and sought leave to file herein a document en-titled "Motion for Correction of Judicial Process", together with his affidavit that, because of his poverty, he is unable to prepay or to give security for the costs or fees, and for that reason he seeks action of court authorizing the commencement and prosecution of this proceeding without prepayment of fees or costs and without security therefor, pursuant to 28 U.S.C.A. § 1915.

■ It appears clear that the right to proceed in forma pauperis under Section 1915 of Title 28 U.S.Code is not an un-qualified one, as pointed out in Loum v. Underwood, 6 Cir., 262 F.2d 866–867, but is a privilege rather than a right, the granting of which is within the discretion of the court to which the application is made. Application of Pierce, 9 Cir., 246 F.2d 902–903; Jefferson v. United States, 9 Cir., 277 F.2d 723, 724, cert. denied 364 U.S. 896, 81 S.Ct. 227, 5 L.Ed.2d 190; Fletcher v. Young, 4 Cir., 222 F.2d 222, cert. denied 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802; Higgins v. Steele, 8 Cir., 195 F.2d 366, and Nichols v. McGee, D.C., 169 F.Supp. 721–723.

Upon examination of the allegations of the motion and consideration of the authorities upon which jurisdiction of this unique procedure is based, I am of the opinion that this proceeding, upon the face of the motion, is clearly frivolous, without merit and, from a legal standpoint, lacking in good faith.

■ As a matter of law, the imposition of a consecutive sentence is not unlawful or invalid. "It appears to be settled law that the enactment of Section 3568, Title 18 U.S.Code did not deprive the Court of its power to impose consecutive sentences." Kay v. United States, 6 Cir., 279 F.2d 734.

■ In respect to the complaint that the charges contained in counts 1 and 2 of the indictment, pursuant to 18 U.S.C.A. § 495, are duplicative, rendering the second count invalid and unlawful, is clearly untenable for the reason that the charge of forgery set out in the first count and the charge of uttering the forged instrument set out in the second count, consti-

tute separate and distinct offenses. United States v. Huggins, 184 F.2d 866, 7 Cir., and Hensley v. United States, 82 U.S.App. D.C. 14, 160 F.2d 257.

No facts are alleged sufficient to bring this proceeding within the ruling of the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, upon which the motion is based.

For the reasons indicated, it is ordered and adjudged by the Court that leave to file and prosecute this proceeding, in forma pauperis, should be and is denied. Holt v. United States, 6 Cir., 279 F.2d 735.