**UNITED STATES, Appellee,**

v.

**Shawn A. HUTCHINSON, Senior Airman, U.S. Air Force, Appellant.**

No. 97–0659.
Crim.App. No. 32302.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 5, 1998.

Decided Sept. 14, 1998.

For Appellant: *Major Margo Stone Newton* (argued); *Colonel Douglas H. Kohrt* (on brief); *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Martin J. Hindel* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Captain Libby A. Brown.*

*Opinion of the Court*

COX, Chief Judge:

Appellant and his girlfriend conspired to steal money from her place of employment at a video-poker casino in South Carolina, where she had ready access to large sums of cash. With the knowledge of one of her coworkers, who overheard some of their discussions about the impending plan, they staged a robbery where appellant "robbed" his girlfriend of $4,087 cash. The plan, however, quickly folded when investigators questioned the coworker for details about the scheme and strongly suggested that she would lose her job, if she were not forthcoming with details. She quickly pointed the finger at both appellant and his amour. Appellant's girlfriend confessed, and appellant's confession followed shortly thereafter.[1]

As a result of appellant's failed plan, he was convicted of conspiracy to commit larceny, larceny of $4,087 in currency, and obstruction of justice, violations of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 934, respectively.[2]

Appellant asks us to hold that the Court of Criminal Appeals erred in deciding that he could be court-martialed for substantially the same acts for which he was pending trial in state court, and also to determine whether he was subject to *ex post facto* application of Articles 57(a)(1) and 58b, UCMJ, 10 USC §§ 857(a)(1) and 858b, respectively. We re-

---

1. These facts were found by the Court of Criminal Appeals in its unpublished opinion at 2 (Feb. 14, 1997). Neither party has disputed the accuracy of the factual recitation of the Court of Criminal Appeals.

2. His sentence to a bad-conduct discharge, confinement for 8 months, and reduction to E–1 was approved by the convening authority.

solve the first issue adversely to appellant; as to the second issue, we remand appellant's case to the Judge Advocate General to correct the effect of this law on appellant's pay.[3]

Appellant addresses the first issue by arguing that conducting a court-martial under the circumstances of his case was contrary to an Air Force instruction regarding the bases for administrative separations. In contrast, however, the Government points out that the Air Force has an instruction that clearly addresses the situation before us—the propriety of convicting appellant at a court-martial for the same acts for which he was subject to prosecution by South Carolina. The Government argues that this instruction, Air Force Instruction (AFI) 51–201, is directly on point and therefore should be applied here. We agree.

AFI 51–201 clearly permits prosecution of appellant under the circumstances of this case because he had not been tried in state court at the time of his court-martial.[4] Appellant was allowed to enter a pretrial diversion program in which the state promised to defer prosecution in exchange for appellant's satisfaction of numerous state-imposed conditions. The State of South Carolina uses the term Pretrial Intervention (PTI) to describe this program. Under PTI, appellant was required to pay one-third of the restitution to enter the program, and then he was required to complete restitution, perform community service, attend counseling, and complete a "scared straight" program at the state prison. Unfortunately for appellant, he was unable to complete all of the conditions of the program because the Air Force decided to prosecute him. At his court-martial, appellant pleaded guilty to the Air Force charges, and was transferred immediately after trial to the Charleston Naval Brig to serve his adjudged confinement. He therefore could not continue to attend the mandatory weekly sessions required by the South Carolina PTI program. As a result of missing these sessions, South Carolina issued a bench warrant and began the process of bringing appellant to trial on the state charges.

Appellant asks us to hold his court-martial to be contrary to Air Force regulation. The Court of Criminal Appeals, 1997 WL 76796, succinctly summed up what is also our view of this case:

> In an argument marked by much ingenuity, the appellant tries to avoid the clear language of AFI 51–201. He urges this Court to adopt a concept found in the Air Force's administrative separation directive concerning "civil conviction" and apply it to AFI 51–201. Under the administrative separation directive, South Carolina's PTI program, he argues, would be considered "action tantamount to a finding of guilty" authorizing involuntary administrative separation for "civil conviction." Thus, he reasons, we should consider him to have been "convicted" for purposes of AFI 51–201.

Unpub. op. at 3.

The facts of this case, however, demonstrate that jeopardy had not yet attached to appellant's South Carolina case at the time of his court-martial. In fact, appellant had never been arraigned, much less had a jury been selected or witnesses called. As far as South Carolina was concerned, appellant's case had merely been deferred until a later time to be determined, depending on appellant's fulfillment of his pretrial conditions.

While we admire counsels' zeal in pursuing this argument, we hold that the plain language of AFI 51–201 clearly permits the prosecution of appellant under the circumstances of his case.

---

3. *See United States v. Gorski*, 47 MJ 370 (1997). Judge Effron did not participate in this decision. *See* 48 MJ 317 (1997).

4. Paragraph 2.5.1., AFI 51–201, states:
   Trial in a state or foreign court is not a legal bar to a later prosecution in a federal court based on the same act or omission. Except as provided in 2.5.2, [allowing an exemption with approval of the Secretary of the Air Force,] do not court-martial or punish under Article 15,

UCMJ, any member of the Air Force for substantially the same act or omission for which a state or foreign court tried the member, regardless of the outcome.... Follow the state or foreign law to determine when jeopardy attaches. At a minimum, jeopardy attaches when the jury is impaneled and sworn, or when the first witness testifies in a judge alone trial. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).
(Emphasis omitted.)

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the issue of the *ex post facto* application of the amendment to Article 57(a) and the new Article 58b, pursuant to *United States v. Gorski,* 47 MJ 370 (1997).

Judges CRAWFORD and GIERKE concur.

SULLIVAN, Judge (concurring with reservation):

I agree with my Brother completely on the state-court issue. On the *Gorski* issue, I would set side the decision below and remand this case to the Court of Criminal Appeals pursuant to my separate opinion in *United States v. Gorski,* 47 MJ 370, 376 (1997) (concurring in part and in the result).

EVERETT, Senior Judge (concurring):

I concur fully with the Opinion of the Court. Furthermore, even if the language of AFI 51–201 had applied to the facts of this case, I do not believe that it would have deprived the court-martial of jurisdiction or required reversal of appellant's conviction. *United States v. Kohut,* 44 MJ 245 (1996); *United States v. Sloan,* 35 MJ 4 (CMA 1992).