UNITED STATES, Appellee,

v.

Captain Lawrence R. RAGARD, United
States Army, Appellant.

ARMY 9801508.

U.S. Army Court of Criminal Appeals.

29 March 2002.

For Appellant: David P. Sheldon (argued); Captain Kevin J. Mikolashek, JA (on brief and reply brief); Major Imogene M. Jamison, JA; Captain Mary E. Card, JA.

For Appellee: Major Margaret B. Baines, JA (argued); Colonel David L. Hayden, JA; Lieutenant Colonel Edith M. Rob, JA; Major Anthony P. Nicastro, JA (on brief); Colonel Steven T. Salata, JA; Lieutenant Colonel Paul H. Turney, JA.

Before CAIRNS, Senior Judge, CHAPMAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

CHAPMAN, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence of a dismissal, forfeiture of $1000.00 pay per month for five months, and a reprimand.[2] This case is before this court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant asserts in his first assignment of error that the double jeopardy clause of the Fifth Amendment[3] barred his prosecution by court-martial. He maintains that he was twice placed in jeopardy for the same conduct because the District of Columbia (D.C.), which initially charged him with indecent exposure in violation of the District of Columbia Code (D.C.Code), dismissed that charge after the appellant fulfilled the terms of a pretrial diversion agreement. In a second assignment of error, the appellant questions the appropriateness of his sentence to a dismissal. After carefully examining the record of trial, reviewing the appellant's and the government's briefs, and hearing oral argument, we find no merit in either assignment of error.

## BACKGROUND

The facts leading to the appellant's court-martial are not in dispute. On 14 October 1997, a park police officer, while patrolling a section of Rock Creek Park, a national public park located in Washington, D.C., observed a group of four or five men rubbing their groin areas while watching two other men engaged in oral sex a short distance away. One of the two men engaged in oral sex was the appellant. The appellant admitted at his court-martial during the providence inquiry[4] that he placed the other individual's penis into his mouth, thereby committing the offense of sodomy.

After the appellant's arrest, the District of Columbia charged him with commission of a lewd act in violation of D.C.Code Ann. § 22–1112(a) (1981). An Assistant Corporation Counsel, Office of the D.C. Corporation Counsel (D.C. Corporation Counsel Office), later changed the charge to indecent exposure, also in violation of § 22–1112(a) of the D.C.Code.[5,6] On 30 October 1997, the appel-

---

1. The appellant also was charged with conduct unbecoming an officer and gentleman and indecent acts with another, in violation of Articles 133 and 134, UCMJ. The military judge entered findings of not guilty to both charges and their specifications.

2. The military judge also recommended that the convening authority suspend the dismissal.

3. U.S. Const. amend. V.

4. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

5. The Corporation Counsel, or his assistants, conduct prosecutions for violations of this section of the D.C.Code in the name of the District of Columbia. § 23–101(a), D.C.Code.

6. It is unclear as to why the initial charge of lewd acts was changed to indecent exposure. In his pleadings on a motion to dismiss made at trial, the appellant related that the charge was changed to accommodate his placement in a pretrial diversion program. The trial counsel believed the change was due to a prior ruling that the offense of lewd acts under the D.C.Code was unconstitutional. Whatever the reason for

lant was arraigned in the Superior Court of the District of Columbia on the indecent exposure charge, and a trial date was set for 19 February 1998.

Prior to this trial date, on or about 3 November 1997, the appellant was voluntarily placed in a pretrial diversion program.[7] Pursuant to this program, the appellant agreed to maintain contact with a community service worker and to complete forty hours of community service. In return, the D.C. Corporation Counsel Office would dismiss the charge against the appellant upon successful completion of the appellant's community service. The appellant completed his required community service on 5 December 1997. The D.C. Corporation Counsel Office dismissed the indecent exposure charge by *nolle prosequi*[8] on 18 March 1998.

On 19 December 1997, the appellant's command preferred court-martial charges stemming from the appellant's conduct on 14 October 1997. On 2 March 1998, the convening authority referred charges of sodomy (Article 125, UCMJ), conduct unbecoming an officer by performing fellatio on another in a public area (Article 133, UCMJ, 10 U.S.C. § 933), and commission of an indecent act by performing fellatio on another in a public area (Article 134, UCMJ, 10 U.S.C. § 934) to a general court-martial.

Prior to his pleas, the appellant unsuccessfully moved to dismiss all charges and their specifications, arguing that the United States Army (Army) was precluded from prosecuting him because: (1) he was twice placed in

jeopardy for the same conduct; and (2) that the Army was bound by the terms of the pretrial diversion agreement once the appellant satisfied his obligations under the agreement. The military judge disagreed and ruled that because jeopardy never attached in the District of Columbia case, the Fifth Amendment's proscription against double jeopardy did not apply. She further found that the D.C. Corporation Counsel Office did not represent the United States and that the appellant's agreement with the D.C. Corporation Counsel Office did not bind the Army. After the military judge denied his motion to dismiss, the appellant pled guilty to sodomy.

## DISCUSSION

### I. DOUBLE JEOPARDY

This case presents a situation peculiar to the District of Columbia and its unique relationship with other federal entities. The issues raised by the appellant and the facts of this case present questions of first impression for this court. There are no military cases that speak directly to the ultimate issues at hand. Similarly, there are no other federal or District of Columbia decisions that provide definitive answers. With this in mind, we begin our analysis with the appellant's assertion that the Fifth Amendment's prohibition against double jeopardy bars his trial by court-martial.[9]

In order to address whether double jeopardy exists under the facts of this case, we must first decide whether jeopardy attached when the D.C. Corporation Counsel Office

the change, it is not crucial to our decision in this case.

7. Although pretrial diversion programs may vary from jurisdiction to jurisdiction, all are alternatives to the traditional process of prosecution of criminal defendants. Each seeks to divert certain offenders from the traditional criminal justice system, substituting supervision by a probation officer or other official and community service, instead of trial and punishment.

8. *Nolle prosequi* is defined as "a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further." *Black's Law Dictionary* 1070 (7th ed.1999) (quoting 22A C.J.S. *Criminal Law* § 419, at 1 (1989)).

9. Under the facts of this case, we decline to hold that the appellant waived his claim of double jeopardy by pleading guilty. Prior to his plea, the appellant moved to dismiss all charges and their specifications on double jeopardy grounds. Thus, because the issue could be resolved on the existing record, the appellant's guilty plea does not bar his claim. *See Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *United States v. Collins*, 41 M.J. 428 (1995). We do not hold, however, that a double jeopardy claim may never be waived. *See* Rule for Courts–Martial 907(b)(2)(C); *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

dismissed the indecent exposure charge, as a result of the appellant's successful completion of a pretrial diversion program. The appellant argues that he was "prosecuted" by the District of Columbia for his conduct on 14 October 1997 when he entered into and successfully completed a pretrial diversion agreement. He maintains that jeopardy attached when the D.C. Corporation Counsel Office entered a *nolle prosequi* decision in regard to his case. We find no case law to support the appellant's assertions, and hold that the appellant's double jeopardy claim fails because jeopardy had not attached.

■ The double jeopardy clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted)). It also is clear that the constitutional guarantee against double jeopardy does not apply before jeopardy attaches. *Serfass v. United States*, 420 U.S. 377, 390–91, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). The Supreme Court and military courts have consistently held that jeopardy does not attach until an accused is "put to trial before the trier of the facts, whether the trier be a jury or a judge." *Id.* at 388, 95 S.Ct. 1055 (quoting *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)). In the case of a jury or members trial, jeopardy attaches when a jury or court-martial panel is empanelled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *United States v. Hutchinson*, 49 M.J. 6 (1998); *United States v. Cook*, 12 M.J. 448 (C.M.A.1982). In a nonjury or judge alone trial, jeopardy attaches when the court begins to hear evidence. *Serfass*, 420 U.S. at 388, 95 S.Ct. 1055; *Cook*, 12 M.J. at 453; *United States v. Chavez*, 6 M.J. 615, 620 (A.C.M.R.1978).

■ In the appellant's case, the facts before this court clearly demonstrate that the appellant was never "subjected to the hazards of trial and possible conviction." *See Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Despite the appellant's statements to the contrary, he was never "prosecuted" by the District of Columbia's court system.[10] Pretrial diversion programs do not make a final determination of guilt or innocence. No evidence was ever presented to a trier of fact. There was no adjudicative process. A resulting *nolle prosequi* decision, unlike an acquittal or conviction, does not bar a second prosecution for the same offense. *See Dortch v. United States*, 203 F.2d 709 (6th Cir.), *cert. denied*, 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342 (1953); *United States v. Foster*, 226 A.2d 164 (D.C.1967); *Newman v. United States*, 410 F.2d 259 (D.C.Cir.1969); *Hensley v. United States*, 160 F.2d 257 (D.C.Cir.1947).

The double jeopardy clause also has been interpreted to bar the imposition of multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *North Carolina v. Pearce*, 395 U.S. at 717–18, 89 S.Ct. 2072. The appellant's voluntary community service, with no restrictions on freedom or deprivations of liberty interests, does not amount to the imposition of punishment triggering a double jeopardy inquiry.

■ Assuming, arguendo, that the appellant was punished by the District of Columbia, the double jeopardy bar does not apply because the appellant was punished for two different offenses. The double jeopardy clause is only implicated if the legislature intended that the crimes be treated as the same offense. To determine Congress' intent, we apply the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under *Blockburger*, the test for whether the double jeopardy clause permits multiple punishments or multiple prosecutions arising out of the same conduct is "whether each [distinct

---

**10.** The same civilian defense counsel represented the appellant both at trial and on appeal. In contrast to his assertions on appeal, counsel conceded at trial that jeopardy had not attached. He admitted that "[t]his isn't a double jeopardy case."

statutory] provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. Utilizing the *Blockburger* analysis in the present case, we conclude that the crimes are different offenses. The sodomy charge requires a finding that the appellant engaged in unnatural carnal copulation; indecent exposure does not.[11] Indecent exposure requires that the act be done in public or viewed by a third party; sodomy does not. One is not a lesser included offense of the other. Therefore, even if there were multiple punishments in this case, the appellant's crimes are separate offenses under the *Blockburger* test and, thus, the punishments did not violate the double jeopardy clause.

For the reasons stated above, we hold that the appellant had not been put in prior jeopardy, nor subjected to multiple punishment for the same offense, as a result of his placement in and his completion of the District of Columbia's pretrial diversion program. There was no violation of the Fifth Amendment's double jeopardy clause.[12]

## II. BREACH OF CONTRACT

■ The appellant also alleges that fulfillment of his obligation under the terms of the pretrial diversion agreement with the D.C. Corporation Counsel Office precludes the Army from prosecuting him for any offenses stemming from the events of 14 October 1997. He maintains that the Army was a party to the agreement and, thus, bound by its terms. On brief and in oral argument, the appellant blurs this allegation with double jeopardy and sovereignty issues. Nevertheless, as the appellant frames the issue as a breach of contract, we look at ordinary principles of contract law to determine if the Army is bound by the terms of the agreement.

A pretrial diversion agreement is a contract. *See United States v. Hicks,* 693 F.2d 32 (5th Cir.1982). As a general rule, examination of the written instrument determines the identity of the parties to a contract. *See*

17A C.J.S. *Contracts* § 363 (1999). The explicit terms of the agreement in this case are not ambiguous and, clearly, do not purport to bind the Army. As stated in the "Notice of Eligibility" given to the appellant, the D.C. Corporation Counsel Office agreed to dismiss the charge of indecent exposure in the D.C. Superior Court if the appellant successfully completed forty hours of community service. At no time during the negotiations between the appellant and the D.C. Corporation Counsel Office did any representative of that office indicate to the appellant any intention to bind any other agency but the D.C. Corporation Counsel Office. "A person [or agency] who is not named in a contract and who has not signed or executed it ordinarily is not bound by its terms." *Id.* at 411. *See also Int'l Customs Assocs., Inc. v. Ford Motor Co.,* 893 F.Supp. 1251 (S.D.N.Y.1995).

The appellant states that it was his understanding that the agreement applied to all potential charges stemming from the incident. We find no evidence to support such an understanding. On the contrary, a reasonable reading and interpretation of the agreement under the facts of this case do not leave a reasonable person to conclude that successful completion of the District of Columbia's pretrial diversion program would forever bar a prosecution under the UCMJ as a result of the incident.

Thus, we find that the pretrial diversion agreement, by its own explicit terms, only applies to the appellant and the D.C. Corporation Counsel Office. As a matter of law, we hold that the agreement is unambiguous, and should be interpreted and enforced accordingly. In doing so, we hold that the Army was not a party to the pretrial diversion agreement and, thus, not bound by its terms.

## III. SENTENCE APPROPRIATENESS

The appellant argues that his sentence to a dismissal is inappropriately severe. He requests that this court reassess the sentence

---

11. We assume, but need not decide, that the District of Columbia must have charged the appellant with indecent exposure under the law of principals.*
 * Corrected

12. Because jeopardy had not attached, we need not consider the question of whether the District of Columbia and the Army are separate and distinct sovereigns for double jeopardy purposes.

and provide meaningful sentence relief by disapproving his dismissal. We disagree that the sentence is inappropriate and decline to grant relief.

 In determining sentence appropriateness, we must give " 'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.' " *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A.1959)). The appellant contends that because he is afflicted with Acquired Immune Deficiency Syndrome (AIDS), a dismissal would harm his ability to obtain treatment for that disease and endanger his life. He urges that this court give "substantial weight" to his medical condition in determining an appropriate sentence.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988). Clemency, on the other hand, "involves bestowing mercy." *Id.* However, Congress did not give this court the power to bestow clemency on a deserving accused when it enacted Article 66, UCMJ. *See id.* at 395–96. Regardless of how sympathetic we may be to the collateral consequences of the appellant's dismissal, we are powerless to grant clemency.

 Considering the record as a whole and the nature and seriousness of the appellant's misconduct, as well as his military character and his medical circumstances, we hold that the sentence approved by the convening authority is both just and appropriate. The appellant's misconduct merits separation under conditions of dishonor.

Accordingly, the finding of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge BROWN concur.