# United States Court of Appeals for the Federal Circuit

05-5127

LAWRENCE R. RAGARD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

David Patrick Sheldon, The Law Offices of David P. Sheldon, P.L.L.C., of Washington, DC, argued for plaintiff-appellant.

Lauren S. Moore, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief was Major Louis A. Birdsong, Military Personnel Branch, Litigation Division, United States Army Judge Advocate General's Corps, of Arlington, Virginia.

Appealed from: United States Court of Federal Claims

Judge Susan G. Braden

# United States Court of Appeals for the Federal Circuit

05-5127


LAWRENCE R. RAGARD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  March 6 , 2006
_____


Before MICHEL, Chief Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Under a pre-trial diversion agreement, the District of Columbia Corporation Counsel agreed that, if the criminal defendant performed specified community service, pending charges against him, a captain in the United States Army ("Army"), would be dismissed.  Both sides performed the agreement, and the criminal charges were dismissed.  The ultimate question in this appeal is whether that agreement barred the Army from subsequently court martialling the defendant for a different offense arising from the same conduct as the District of Columbia charge.  We hold that the agreement did not bar the court martial.  We therefore affirm the Court of Federal Claim's dismissal of the present case challenging the court martial, but on a different ground than that court gave.

I

The basic facts are undisputed. Following the arrest of the appellant Lawrence R. Ragard, then a Captain in the Army, by the United States Park Police for engaging in lewd acts in violation of D.C. Code § 22-1312(a) (formerly D.C. Code § 22-1112(a)), an Assistant District of Columbia Corporation Counsel charged him in a District of Columbia court with indecent exposure, also in violation of D.C. Code § 22-1312(a). (On May 26, 2004, the Office of the Corporation Counsel for the District of Columbia was renamed the Office of the Attorney General for the District of Columbia. See Mayor's Order 2004-92, 51 D.C. Reg. 6052 (2004).) Ragard then entered into a pre-trial diversion agreement with the District of Columbia, under which he agreed to perform 40 hours of community service and the Corporation Counsel agreed to dismiss the pending indecent exposure charge. (This is a procedure under which certain defendants are "diverted" from the criminal justice system into an alternative rehabilitation program.) Ragard performed his community service and the Assistant Corporation Counsel nolle prossed the criminal charge.

In the interim, the Army instituted court martial proceedings against Ragard, based on the same conduct. It charged him with sodomy, conduct unbecoming an officer, and commission of an indecent act. Ragard moved to dismiss the charges as constituting double jeopardy and barred by the diversion agreement. The court martial denied the motion, ruling that the military prosecution would not constitute double jeopardy and that the District of Columbia Corporation Counsel could not bind the Army.

Ragard pled guilty to the sodomy charge, and was sentenced to be dismissed from the Army, fined $5,000.00, and reprimanded. He appealed his conviction and

05-5127                                    2

sentence through the military appellate courts, which rejected his contentions of double jeopardy and breach of contract. United States v. Ragard, 56 M.J. 852, 854 (CCA 2002), summarily aff'd, 57 M.J. 468 (CAAF 2002), motion for rehearing denied, 58 M.J. 130 (CAAF 2003).

He then filed the present case in the United States Court of Federal Claims, challenging his court martial conviction and sentence, and seeking reinstatement and backpay. (The Court of Federal Claims has jurisdiction to collaterally review a court martial "if the action is otherwise within [its] jurisdiction, as it is . . . for back pay and reinstatement. Bowling v. United States, 713 F.2d 1558, 1560 (Fed. Cir. 1983). See Matias v. United States 923 F.2d 821 (Fed. Cir 1993).) That court dismissed the suit for lack of jurisdiction. It first held that Ragard had not been subjected to double jeopardy. It then ruled that the question of whether the diversion agreement barred the court martial was a factual issue that the military courts had resolved against Ragard, and that the court had no jurisdiction to re-examine that factual determination.

Ragard did not raise the double jeopardy point before us either in his brief or in his oral argument. We therefore view that argument as abandoned before this court and shall not discuss it further.

II

Without reaching the merits, the Court of Federal Claims dismissed the suit for want of jurisdiction, on the ground that the military courts' interpretation of the diversion agreement as not barring the Army court martial was a factual determination that it did not have jurisdiction to review. The interpretation of a contract, however, is a question of law, not of fact, see Cienega Gardens v. United States, 194 F. 3d 1231, 1239 (Fed.

Cir. 1998), which the Court of Federal Claims had jurisdiction to decide, see <u>Longva v. United States</u>, 41 Fed. Cl. 291 (1998). The answer to that legal question is clear, however: the agreement did not bar the court martial. Accordingly, rather than remanding the case to the Court of Federal Claims to decide the question initially, we affirm the Court of Federal Claim's dismissal of the complaint on the alternative ground that Ragard failed to state a claim upon which relief could be granted.

The record on appeal does not contain any document identified as the "diversion agreement" and we do not know whether such a document exists. Other documents in the record and the parties' presentations, however, leave no doubt what that agreement states. It provides that if Ragard performed 40 hours of community service, the District of Columbia Corporation Counsel would dismiss the pending criminal charges against him for violation of the District of Columbia Code.

Nothing in the diversion agreement even suggests, let alone provides, that performance of the agreement will bar the Army from court martialling Ragard for conduct that violates the Uniform Code of Military Justice. The agreement purports to deal only with the pending District of Columbia criminal proceeding, not with other criminal proceedings that might be brought by some other entity.

Indeed, there is no basis here upon which the District of Columbia Corporation Counsel would have authority to prohibit the Army from court martialling Ragard. Ragard cites cases stating that, in other contexts, the District of Columbia is a federal entity. He points out that the Army also is a federal entity, and then argues that the agreement by the first entity to dismiss the District of Columbia criminal case should

somehow be extended to bar the military entity from court martialling him for the same conduct on which the District of Columbia criminal prosecution was based.

Although the District of Columbia is a federal entity, it is also an independent one. It has its own laws, its own government, and its own elected and appointed officials. The District of Columbia Corporation Counsel (now the Attorney General of the District of Columbia), appointed by the Mayor, is the District of Columbia's chief legal officer.

The United States Attorney for the District of Columbia generally is in charge of "conduct[ing] in the name of the United States" "criminal prosecutions" for offenses under the District of Columbia Code. D.C. Code § 23-101(c). That statute contains exceptions, however, under which prosecution for certain minor offenses "shall be conducted in the name of the District of Columbia by the Corporation Counsel for the District of Columbia or his Assistants . . . ." One of the categories of offenses that the Corporation Counsel is to prosecute in the name of the District of Columbia is "lewd, indecent, or obscene acts." D.C. Code § 23-101(b).

When the Assistant Corporation Counsel filed charges of indecent exposure against Ragard and then agreed in the diversion agreement to dismiss those charges if Ragard performed specified community service, he was acting solely for the District of Columbia pursuant to the foregoing statutory authority. The United States Attorney for the District of Columbia had no involvement in Mr. Ragard's prosecution or the execution and performance of the diversion agreement. Only the District of Columbia, not the United States, was a party to and bound by that agreement. The Corporation Counsel had no authority in the diversion agreement to bind the Army not to court martial Ragard, and the agreement did not do so.

## CONCLUSION

The judgment of the Court of Federal Claims dismissing Ragard's suit is

<u>AFFIRMED</u>.